J. E. PRESTON, ADM'R, v. THE CITY OF NAVASOTA.

1. The proprietor of a town site who lays out and plats the squares, lots, streets, alleys, etc., and causes the plat to be recorded in the proper registration office, and sells lots in accordance with it, dedicates the streets and alleys to the public, and cannot afterwards revoke the grant.

2. The rulings in Oswald v. Grenet, 22 Texas, 94, on the subject of dedications to public use, cited with approval.

APPEAL from Grimes.   Tried below before the Hon. N. Hart Davis.

This suit was a petition for an injunction to restrain the city of Navasota from enforcing against petitioner an ordinance of the town providing for the removal of all obstructions from the streets and alleys.   The suit was brought by Thomas C. Ashford in July, 1867; but he died, and Preston, his administrator, became plaintiff in his stead.

It appears that in 1859 James Nolan had a certain parcel of land surveyed into streets, alleys, blocks and lots, and had the plat of the survey recorded in the office of the county clerk of Grimes county; and the survey was designated as "Nolan's addition to the city of Navasota."

The petition alleges, and it appears to be conceded, that Nolan sold to Ashford the piece of ground in controversy in the year 1865, which, though several years after the survey, was previous

to any incorporation of the city. And Ashford built on the ground a store house, which the city threatened to remove as an obstruction to one of the alleys, according to the survey. The city was not incorporated until 1866, and the store house was built prior to the act of incorporation.

Nolan was a witness for the plaintiff, and testified that before the " fire in 1865, the space of ground in question was used as a passway or byway by the public, and that for a time he left it open for that purpose ; but that he never did intend it as a public alley." According to the survey, however, it appeared to be an alley, and there was evidence that Nolan sold lots according to the survey.

The cause was tried by a jury, who found a general verdict for the city, and thereupon there was a judgment dissolving the injunction, and decreeing the removal of the store house as a nuisance.

*W. M. Walton*, for the appellant.—I. The property was bought, and the house was erected at a day prior to the incorporation of the property as a part of the city.

It is admitted that if appellant's intestate had built on the property, and that in an alley way, after the property became, by the act of incorporation, a part of the city of Navasota, he would be subject to have the house torn away. But the question is quite different to that, and depends upon very different rules. In this case the right of appellant's intestate, attached finally, and in fee, prior to the time the city had any jurisdiction whatever over the property. When the rights of jurisdiction in the city did attach, they attached *cum onere* ; and as to this particular property, the incumbrance was the fee interest now represented by appellant.

· If, prior to the incorporation, the common vendor had sold the adjoining property to the alley way, exhibiting at the time a map of the whole property, whereon the alley way was laid out, as on ·

the map, and had subsequently sold the alley way to appellant's intestate, then such vendee of the adjoining property would have had cause of action against the holder of the alley way; and the case thus made would have come under the principles announced in the opinion of Oswald v. Grenet, 22 Texas, 94, which is cited by appellee as conclusive in the case at bar. The facts in the two cases are in no way similar. In the reported case the rights of the adjoining proprietors attached by conveyance from the common vendor, prior to any right on the part of the party who claimed the spot reserved for public use; while, in the case at bar, the rights of the city attached after the alley had been sold by the proprietor, who unquestionably had the legal right to dispose of the whole or any part of the property.

II. If the property belonged to appellant's intestate at the time the jurisdiction of the city, by act of incorporation, attached, then how could the vested interest of the intestate be divested, so as to give jurisdiction to the city over the property as public property?

If it be admitted that the city had the right to condemn the private property, and subject it to public uses, the admission, as made, carries with it the legal necessity, resting on the city, to condemn the private property in accordance with law. (13 subdivision Declaration of Rights, Paschal's Digest, 42; § 14, Bill of Rights, Constitution of 1866; § 16, Constitution now in force.)

If the above admission were made, it might be deemed a very broad one, because there is no provision of law which authorizes, so far as I am apprised, a city to take private property for public uses. The State may do so. Railroads may do so. County courts may do so, to establish public roads. But in each case a condemnation must be made in accordance with law, and due compensation given to the party whose property is condemned. It may be that a city would have a like right; but if so, certainly not without pursuing the law, and giving compensation to the injured person.

*John C. Easton*, for the appellee.

WALKER, J.—The proprietor of a town or city, who lays out and plats the squares, lots, streets, alleys, etc., and causes the same to be recorded in the county clerk's office, and sells lots in accordance with such plat, dedicates the streets and alleys to the public, and cannot revoke the grant when the public acquires an easement.

The facts in this case show that Nolan, the proprietor of the city of Navasota, had recorded such a plat, and though he sold the property in question to plaintiff's intestate, with verbal representations that he had reserved the power to vacate certain streets or alleys, his vendee acquired no right by which he could oust the public easement, and his rights were subject to it.

We see no fact in this case which renders it in any way materially different from Oswald v. Grenet, 22 Texas, 94. Indeed, that case appears conclusive of the one at bar. The case has been examined and approved by the court.

The judgment of the district court is affirmed.

Affirmed.