### R. H. HARRISON v. CITY OF COLUMBUS.

1. JUDGMENT IN MAYOR'S COURT.—Such judgments can be reversed only by an appellate tribunal. They are conclusive as to matters within their jurisdiction, unless controlled by such tribunal.

2. LIABILITY OF CITY FOR ACTS OF ITS OFFICERS.—In an action against an incorporated town for acts done by the mayor and city marshal, *held,* that for acts done without authority, they would be personally liable; nor will any action lie against the town for damages for an act within the authority of the city ordinances and done by the officers of the city.

3. MAYOR'S COURT—JURY.—That plaintiff had been arrested by the marshal for an offense created by the city ordinances, tried by the mayor and before a jury of six men, found guilty and fined, and that the judgment for fine and costs had been collected of plaintiff, the offense being "disturbance of the peace," shows no cause of action against the city.

APPEAL from Colorado. Tried below before the Hon. Livingston Lindsay.

Harrison sued the city of Columbus for damages for an illegal arrest and false imprisonment by the marshal and mayor, alleging that on May 8, 1873, he " was wantonly arrested by the marshal and banished from the northern portion of the city of Columbus to the central portion thereof, a distance of one-half mile, and while in lonely exile the said marshal positively forbade his return ;" that said illegal arrest was without complaint, and maliciously made ; that "he was imprisoned without due course of law, and exiled without having committed any offense," to his damage, to wit, of five thousand dollars.

That on May 9, 1873, the marshal and the mayor of said city induced one John Rosenfield to make an affidavit against petitioner, charging him with divers immoral offenses, committed on 8th May as aforesaid, for which said illegal arrest had been made ; that petitioner was re-arrested and put upon trial for the violation of the 32d article of the ordinances of said city, which ordinance is unconstitutional

and in violation of the laws of Texas. The said ordinance is as follows :

"DISTURBING THE PEACE.

"ART. 32. Whoever in this city shall willfully disturb the peace of others by violent, tumultuous, offensive, and obstreperous conduct and carriage, or by loud or unusual noises, or by unseemly, profane, or abusive language, calculated to provoke a breach of the peace, or by assaulting or fighting another, and whoever shall in this city permit such conduct in or upon any house or premises owned or possessed by him or her, or under his or her management or control, so that others in the city are disturbed thereby, shall be deemed guilty of a misdemeanor, and on conviction fined at the discretion of the mayor."

"Petitioner avers that the remedial portion of said article is in plain and palpable violation of every principle of law and constitutional liberty; that monarchical powers are thereby conferred upon the mayor, who exercises the same in a regal manner."

That the affidavit under which the arrest was made only "charged petitioner with using vulgar, obscene, and profane language towards one John Rosenfield, without stating where or that the same was calculated to provoke a breach of the peace ; that the language charged to have been used by petitioner is only in violation of the moral law, and such only as was enforced during the Spanish inquisition."

That petitioner was on May 9 put on trial upon said charge, and demanding a jury it was refused, and six men were impaneled, and who assessed a fine against petitioner for one dollar and costs, upon which verdict judgment was entered by the mayor, the costs amounting, as taxed, to $12.75.

That petitioner was remanded to the custody of the marshal, could take no appeal, and was forcibly and illegally compelled to pay the said fine and costs to avoid imprisonment in jail ; that the bill of costs was illegal and oppress-

ive, and that he was compelled to pay, in attorney's fees, fine, and costs, one hundred and thirteen $\frac{75}{100}$ dollars, &c.

That the city of Columbus was duly incorporated; judgment for damages asked.

The defendant excepted to the petition, and answering, pleaded that during the Volks Feste at Columbus, where many people had assembled for their amusement, the plaintiff was there, it being 8th May, 1873, in a state of inebriety, and was indulging in profane, vulgar, and obscene language towards one John Rosenfield; that it was the duty of the marshal to make the arrest, which he did, and carried him half a mile to the mayor's office; that in arresting said plaintiff the marshal had abated a nuisance that was in every respect intolerable. An ordinance of the city was pleaded authorizing the apprehension of offenders in such cases, &c.

The testimony showed that Harrison was at the Volk's Feste, and, being intoxicated, was creating a disturbance; that the marshal arrested him and took him to the mayor's office; that on the next day complaint was made against him and a trial had before a jury of six men, resulting in fining plaintiff one dollar; his payment of the fine and costs amounting to $13.75.

Upon trial the jury found for the defendant, on which judgment was rendered, and Harrison appealed.

No brief for appellant.

*Darden & Darden,* for appellee.

IRELAND, ASSOCIATE JUSTICE.—There are some cases in which municipal governments (cities) may be held liable in damages for the wrongful acts of their officers, but the case made in the pleading before us is not one of them.

We do not decide (because not necessary) whether there is any mode of appeal from mayors' courts; but a judgment before one of those courts can only be reviewed in an appellate tribunal, unless their action should prove to be a

nullity, in which event it could be attacked in any collateral way that it might present itself.   If there was no authority in the mayor and marshal under the ordinance to arrest appellant, they were trespassers, and could have been held personally liable for false imprisonment or assault and battery ; but for their act in arresting appellant under the city ordinance the city could not be held liable.   (Dillon, sec. 766.)

The charge of the court is, perhaps, justly liable to criticism, but inasmuch as the judgment could not properly have been for appellant, it is not deemed necessary to review the charge of the court.

The demurrer to the petition should have been sustained.

The "lonely" condition of appellant on being "banished" one-half mile from where he was in the city, and "warned" not to return there again that day, and being reminded of the days of the "Spanish inquisition," was a situation indeed unenviable ; but there being no law to justify the court, it cannot afford relief in this proceeding. The judgment is affirmed.

AFFIRMED.