## THE CITY OF CORSICANA v. R. N WHITE.

(Case No. 3354.)

1. CITY — LIABILITY OF FOR ACTS OF OFFICERS.— A city is not liable for illegal acts done by its officers, and a petition claiming damages of the city because of such alleged illegal acts is bad on general demurrer.

2. INJUNCTION — PRACTICE.— A motion to dissolve an injunction for want of equity in the petition having been rightly sustained, and no amendment being made to the petition, the suit as one for injunction should be dismissed.

3. PAROL EVIDENCE — ESTOPPEL.— One who has conveyed lots described in the deeds by reference to a map and a named street, should not be allowed to prove his declarations at the time of the sale, or at other times, inconsistent with the map and deeds.

ERROR from Navarro. Tried before the Hon. Frank P. Wood in 1875.

Suit by R. N. White against the city of Corsicana to recover damages for certain alleged wrongs done him by the city authorities in the course of a criminal proceeding against him on a charge of obstructing a street, and also to enjoin the city authorities from exer-

cising control over that street, the plaintiff claiming that it was his private property and part of his homestead. The pleadings of defendant asserted that Bois d'Arc street, the one claimed by plaintiff, had been dedicated by him as a public street.

The disputed premises were a part of plaintiff's homestead tract up to 1871, when, on the establishment of a railroad depot at Corsicana, plaintiff and Alex. Beaton, adjoining proprietors, united in having certain parts of their premises laid off into blocks and partly into lots, and proceeded to sell lots with reference to a map on which the lots were marked and numbered, and on which Bois d'Arc street was laid down. Amongst other deeds by White was one conveying to one Caruthers "lots Nos. 6 and 7, in block No. 3, fronting fifty feet on White street and running back one hundred feet on Bois d'Arc street, said lots of land being a part of the homestead tract of land (which) for the purpose of sale is cut up into lots and numbered as herein above mentioned, as shown on the map dividing said land as appears, and which map is made part hereby for full identity." The plaintiff, over the objection of defendant, was allowed to testify to his declarations made when he sold to Caruthers, "that Bois d'Arc street would not be opened through his land unless the city paid him for it;" also to prove the same declaration by his son; also to prove by other parties similar declarations at other times. The testimony of Caruthers was in conflict with that of plaintiff as to his declarations to him. A further statement of the evidence is not believed to be important to an understanding of the points considered in the opinion.

The court sustained the motion to dissolve the injunction, but proceeded to submit the case to a jury, and on their verdict in favor of plaintiff, rendered judgment in his favor for costs, and that he have the free use and enjoyment of the disputed premises. The case was brought up on the part of the city by writ of error.

*Simkins & Simkins*, for plaintiff in error, filed an elaborate brief, the length of which precludes its insertion.

*Wm. Croft* appeared for defendant in error, but his brief has not reached the hands of the reporter.

DELANY, J. COM. APP.— One difficulty which we encounter in the decision of this case is that the record does not inform us of the powers and duties of the officers of the city of Corsicana; and another is that the allegations of the petition are so vague that it is

not easy to determine precisely what was the object of the suit. Among the allegations of damage to plaintiff, by far the most important, apparently, were his arrest and imprisonment, and the extortion of money from him by the persons whom he calls the mayor and marshal of the city. These things are alleged to have been done wantonly, wickedly, and without authority. He adds, also, that they wantonly and wickedly pulled down his fence and let the cattle into his garden; and he lays his damage at a thousand dollars. In estimating this damage, it is hardly probable that he passed by the wrongs done to his person and thought only of the trespass upon his fence and garden. At all events, this part of the petition was bad upon general demurrer. For if the mayor and marshal did these things lawfully, plaintiff has suffered no wrong. If they did this without authority, then they have made themselves personally liable for the trespass; but there is no cause of action against the city. Harrison v. Columbus, 44 Tex., 418.

Besides the prayer for damages, there was no other than the prayer for the perpetuation of the injunction. The injunction was properly dissolved. The whole case shows that there was no ground for equitable interference. The plaintiff was entirely willing for the land to be made a public street. He simply desired pay for it. Without some amendment of the pleadings, it seems to us that the court should, upon the dissolution of the injunction, have dismissed the petition.

This is sufficient to dispose of the case; but as the court below proceeded with the trial, and several of the rulings are assigned as error, perhaps we should notice them. And we think the court erred in permitting plaintiff to testify to declarations made at the time when he sold the lots to Caruthers. The deed, though made to Caruthers, speaks to all men, and all persons into whose hands that property may come can enforce against the maker the covenant in the deed. He is perpetually estopped to deny it. So the declarations said to have been made by him to other parties, on the same subject, should have been excluded. But, besides the deed to Caruthers, the testimony shows that plaintiff had sold a number of lots which had been laid off and mapped, and he refers to this map in his deeds. Upon that map the land about which he is endeavoring to litigate is laid down as one of the streets in his proposed addition to the city.

Now, if a suit or suits were brought against him by some of these purchasers to compel him to open this street, would it be possible for him to resist such a suit? That is not an open question in our

courts.   Oswald *v.* Grenet, 22 Tex., 94; Preston *v.* Navasota, 34 Tex., 684; Lamar Co. *v.* Clements, 49 Tex., 347.

If the corporate limits of the city had been extended so as to include these lots and blocks, the city authorities would probably have the right to open the streets.   We say probably, because that is a power which generally belongs to city governments — the record is silent on the subject.   It does not inform us what were the powers of the city council.   But the whole case proceeds upon the supposition that if the land in dispute had been a public street by dedication, the city council had the right to open it to the public.

We conclude that there is error in the record, for which the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered June 20, 1882.]