## SARAH WHITFIELD v. THE CITY OF PARIS.

### No. 7275.

**Police Powers of Cities—City Officers.**—Action for damages for alleged injuries inflicted upon plaintiff by a city policeman in shooting at an unmuzzled dog, in the attempted enforcement of a city ordinance forbidding dogs to run at large. *Held*, that the enactment of the ordinance was an exercise by the city of its police power. The officer whose act is complained of was not a mere servant of the city, but was a policeman engaged in the enforcement of an ordinance of the city. In such case the maxim respondeat superior does not apply, and the city was not liable. The demurrer to the petition was therefore properly sustained.

APPEAL from Lamar. Tried below before Hon. E. D. McCLELLAN. No statement is necessary.

*Dudley & Moore,* for appellant.—1. Where a municipal corporation by ordinance directs and orders the killing of dogs found running at large upon its streets, and appoints or employs an agent or servant, and makes it his duty and directs and orders him to execute and carry out such ordinance and kill all such dogs found running at large, such municipal corporation is liable for the negligent and careless execution of such orders and duty by its said agent or servant. City of Fort Worth v. Crawford, 74 Texas, 404; Aaron v. Broiles, 64 Texas, 316; City of Galveston v. Posnainsky, 62 Texas, 118; Weightman v. Washington, 1 Black, p. 39; Dill. on Mun. Corp., 2 ed., secs. 766–781, and note; Id., 3 ed., sec. 957; 4 Wait's Act. and Def., pp. 419, 644; Cool. on Const. Lim., 3 ed., *247, 254; Shearm. & Redf. on Neg., 4 ed., sec. 259; Thomp. on Neg., notes 731–738; Dill. on Mun. Corp., 3 ed., secs. 974, 980, 981; Bigelow v. Randolph, 14 Gray, 541; Jones v. Newhaven, 34 Conn., 1; Weed v. Greennich, 45 Conn., 170; Murtaugh v. St. Louis, 44 Mo., 480; Oliver v. Worcester, 102 Mass., 489; Maximillian v. New York, 62 N. Y., 160; Wood's Mast. and Serv., secs. 457, 458, 460–469, and authorities there cited.

2. A municipal corporation, like an individual, may ratify the acts of its agents and servants and thereby become liable, provided it would

have been liable had it originally authorized such acts. McGary v. Lafayette, 12 Rob. (La.), 668, on rehearing; Id., 674; Wilde v. New Orleans, 12 La. Ann., 15; Thayer v. Boston, 19 Pick.; 511–516; Lee v. Sandy Hill, 40 N. Y., 442; Sheldon v. Kalamazoo, 24 Mich., 383.

No brief for appellee reached the Reporter.

TARLTON, JUDGE; *Section B.*—This appeal is prosecuted from a judgment rendered by the District Court of Lamar County, in favor of appellee. The appellant sued appellee to recover for personal injuries inflicted upon her by one Beatis, in shooting at an unmuzzled dog, in the attempted enforcement of an ordinance of the city of Paris forbidding dogs to run at large.

The correctness of the action of the trial court in sustaining a general demurrer to the plaintiff's petition is the only question to be determined.

This petition, as stated by appellant, alleged the incorporation of the city under the general incorporation act of the State of Texas, being title 17 of the Revised Statutes, entitled "Cities and Towns;" that the city had power by its charter to appoint policemen, prescribe their duties and compensation, and discontinue and remove any such policeman at the pleasure of the city council; that the city also by its charter had the power to tax, regulate, or restrain and prohibit the running at large of dogs, and to authorize their destruction when at large contrary to ordinance; that in July, 1888, the said city, by and through its city council, passed an ordinance prohibiting thereafter the running at large of dogs without being muzzled, within its corporate limits, between the 1st of July and the 20th of September of each year, and requiring and making it the duty of the city marshal and any policeman to kill any such dog when found so running at large; that said city, by and through the city council, employed and appointed one Thomas Beatis to kill dogs under said ordinance, agreeing to pay him a certain stipulated sum per month for his services, the said Beatis then being in the employ and subject to the orders of the city; that at the time and after the passage of said ordinance the said city, acting by and through the city council, made it the duty of and ordered the said Beatis to go upon the public streets, alleys, and highways of the city and kill all dogs found running at large without being muzzled; that about the 24th of August, 1888, while the said Beatis was in the employ and service of the city and acting in the scope of his employment, and while executing and carrying out the express orders and commands of the city in killing a dog running at large without a muzzle on one of the streets of the city, he, the said Beatis, recklessly, negligently, and carelessly shot off, discharged, and fired a double barrel shotgun, loaded with powder and shot (the shot being of the denomination com-

monly called large goose shot), on and along one of the most public streets in the city, where people were and are constantly passing in the discharge of the duties of their various avocations; that the said Beatis, in so negligently, carelessly, and recklessly shooting on and along said public street, in carrying out the orders of the city as aforesaid, inflicted upon plaintiff two painful and serious wounds. Then follow the allegations as to the plaintiff's injuries, suffering, and loss.

The enactment of the ordinance referred to in the petition was an exercise by the city of its police power. Its purpose was to secure the safety, health, and welfare of the public. Beatis, the man whose act was complained of, was not, therefore, a mere servant or employe, though the petition so denominates him. He occupied the attitude of a policeman engaged in the enforcement of an ordinance of the city. In such a case, the maxim "respondeat superior" does not apply. Where a city acts as the agent of the State, it becomes the representative of sovereignty. It is not acting in the management of its private or corporate concerns, but in the interest of the public, and as the guardian of the health, peace, convenience, and welfare of the public. Under such circumstances, it is not liable for the acts of its officers or employes engaged in the execution of its ordinances. 2 Dill. on Mun. Corp., sec. 975; Culver v. City of Streator, 22 N. E. Rep., 810, and the numerous authorities there cited; Harrison v. Columbus, 44 Texas, 418; Keller v. Corpus Christi, 50 Texas, 614; Conway v. Beaumont, 61 Texas, 12; Galveston v. Posnainsky, 62 Texas, 130; Corsicana v. White, 57 Texas, 382.

The judgment should be affirmed.

*Affirmed.*

Adopted April 26, 1892.