## TOMPKINS, Auditor, v. WILLIAMS.

No. 1658—6120.

Commission of Appeals of Texas, Section A.

June 23, 1933.

J. J. Collins, Hugh S. Grady, A. A. Long, W. Hughes Knight, and H. P. Kucera, all of Dallas, for plaintiff in error.

J. H. Synnott, of Dallas, for defendant in error.

CRITZ, Judge.

This suit was filed in the district court of Dallas county, Tex., by Mrs. Lizzie Williams, a widow, against R. V. Tompkins, city auditor of the city of Dallas, Tex., in the form of a mandamus proceeding to compel such auditor to issue to Mrs. Williams, and countersign, a city of Dallas warrant in the sum of $1,716.52. Trial in the district court resulted in a judgment refusing the mandamus. On appeal by Mrs. Williams to the Court of Civil Appeals, that court reversed this judgment and rendered judgment awarding Mrs. Williams the mandamus as prayed for by her. 42 S.W.(2d) 106. Tompkins, the auditor, brings error.

The record shows that Mrs. Williams made a claim to the city board of commissioners for damages for personal injuries alleged to have been sustained by her by being struck by a motorcycle ridden by a city policeman of said city, and on December 21, 1928, the board of commissioners entered an order allowing Mrs. Williams' claim against the city for such injuries in the sum of $1,716.52. This order provided that out of the above sum Mrs. Williams should pay the city $641.-52 delinquent taxes she owed on her home, and also directed that Mrs. Williams' doctor's bills should be paid out of such sum.

The above order was made over the protest of the city attorney of the city of Dallas, and in spite of the advice of such official that no legal liability existed on the part of the City to Mrs. Williams for her claimed damages, and the further advice that the board of commissioners was without power or authority to pay such claim.

After the passage of the above order of December 21, 1928, the city auditor, whose duty it was to issue and countersign city of Dallas warrants, refused to issue and countersign a warrant to Mrs. Williams in payment of her claim as allowed by such order. At that time the refusal of the auditor to issue and countersign· such warrant was based on the advice of the city attorney that the claim was illegal, and the order allowing it nothing but an attempt to make a donation, and was therefore void.

While matters stood as above indicated, the personnel of the board of city commissioners of the city of Dallas changed, and on July 12, 1929, and before this suit was filed, the board of commissioners duly entered another order which in words and effect in all things repealed and rescinded the order of December 21, 1928. This order recited the fact that the former order had been entered; that it was passed without legal consideration; that it was void; and that it was therefore repealed, rescinded, and held for naught.

After the happening of the above events, this suit was filed to compel the city auditor to issue and countersign a warrant as ordered and authorized under the original order of December 21, 1928. The city is not made a party to this suit.

By her amended petition, on which she went to trial, Mrs. Williams alleges that she was injured on being struck by a motorcycle ridden by one H. B. Miller, a member of the police department of the city of Dallas, Tex., who was employed by such city as

a traffic policeman, and whose duty it was generally to assist the city in the control and regulation of traffic in and upon its streets. The petition very specifically alleges that, at the time the plaintiff was struck, such policeman was acting within the scope of his employment as such officer in the business of such city in the discharge of the duties above indicated.

The undisputed evidence taken on the trial of this case is in harmony with the allegations of Mrs. Williams' petition. In this connection it is shown that at the time Mrs. Williams was struck by the motorcycle in question here the officer riding the same was a city policeman engaged in the duties above indicated. It is also shown that at the particular moment Mrs. Williams was struck the policeman was engaged in an attempt to catch a speeder.

The statement we have made of the allegations of Mrs. Williams' petition on which this case was tried shows that such petition affirmatively and specifically alleges that the consideration for the entry of the order allowing her claim against the city was for injuries received by her resulting from an act of a city policeman while engaged in discharging duties pertaining purely to governmental functions of such city. The undisputed facts are to the same effect. Harrison v. City of Columbus, 44 Tex. 418; City of Fort Worth v. Wiggins (Tex. Com. App.) 5 S.W.(2d) 761; City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am. Rep. 517; Whitfield v. City of Paris, 84 Tex. 431, 19 S. W. 566, 15 L. R. A. 783, 31 Am. St. Rep. 69; Givens v. City of Paris, 5 Tex. Civ. App. 705, 24 S. W. 974; Stinnett v. City of Sherman (Tex. Civ. App.) 43 S. W. 847.

▇▇▇ It is the settled law of this state that a city is not liable for injuries inflicted through the negligence of its officers and employees in the exercise of governmental functions. City of Wichita Falls v. Robison (Tex. Sup.) 46 S.W.(2d) 965 and authorities there cited. It follows that there was absolutely no consideration for the entry of the order of December 21, 1928, ordering the payment of this claim. In other words, the payment of this claim would have constituted, in so far as any legal liability was concerned, a pure gift or donation. Such would be in violation of sections 51 and 52 of article 3 of our state Constitution.

Since Mrs. Williams' pleadings and the uncontroverted evidence show that the city of Dallas could not have been liable to her for the injuries made the basis of her claim, and made the basis of the order allowing the same, there is no escape from the conclusion that such order was illegal and beyond the authority of the board to make. Such being the case, it was not only the right, but it was the duty, of the board to repeal it. Of course, it is not the duty of the auditor to act under a legally repealed order.

Relator insists that the act of the board of commissioners in passing the first order allowing her claim was a final judicial act, and that the board was without power to rescind or repeal the same. It is also contended by relator that, since the board was without power to repeal the first order, the order of repeal was void. It is then contended that the auditor of the city of Dallas is nothing but a ministerial officer with no power to pass on the validity of the claims which have been allowed by the board of commissioners. It is finally contended by relator that, because of all of the foregoing matters, this mandamus should issue, regardless of whether or not there was an actual legal consideration for the entry of the order allowing the claim.

We think we have disposed of all of these contentions in the holding we have already made. In this connection we hold that the original order allowing this claim was void for the reasons already stated. Certainly there is no legal obligation on the part of the auditor, even if a ministerial officer, a question we do not decide, to act on a void order. It follows that, even if the original order had not been repealed, it would not be the duty of the auditor to issue and countersign this warrant.

For the reasons above indicated, we recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the district court affirmed.

CURETON, Chief Justice.

Judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.