## ARCHER et al. v. CITY OF CISCO et al.
### No. 2668.

Court of Civil Appeals of Texas. Eastland.
May 21, 1948.

Rehearing Denied June 11, 1948.

J. M. Parker of Gorman, for appellants.

R. E. Grantham and Edward Brown, both of Cisco, for appellees.

LONG, Justice.

Plaintiffs, C. L. Archer and wife, instituted this suit for themselves and as next friend of Arthur Lee Archer, a minor, against John Ackers, Constable of Precinct No. 6, Eastland County, the sureties on his offical bond, Sam Hedrick. Jr., a policeman of the City of Cisco, Texas, and the City of Cisco, Texas, a municipal corporation, for damages alleged to have been sustained by Arthur Lee Archer as a result of injuries inflicted upon him by said constable and policeman. The City of Cisco filed a plea in abatement alleging that plaintiffs were attempting to assert a cause of action for damages against the City because of alleged torts of said officers and that said petition shows that the constable and policeman were peace officers engaged in the discharge of their duties as such and were performing a governmental function at the time the injuries to Arthur Lee Archer were sustained. At the conclusion of the evidence, the trial court sustained such plea in abatement and dismissed the City from the suit. The case was submitted, as against the other defendants, to the jury upon special issues and based upon the jury's answers thereto, judgment was rendered in favor of such defendants. Plaintiffs have appealed, alleging only one point of error.

It is the contention of the plaintiffs that the court erred in sustaining the plea in abatement of the City of Cisco.

On February 7, 1946, the defendants Ackers and Hedrick, in response to a call from the manager of a night club located near the City of Cisco, outside the city limits went to such night club in an automobile belonging to the City of Cisco, for the purpose of quelling a disturbance. Upon reaching the night club, the officers

arrested one Silas Clay and the plaintiff, Arthur Lee Archer, and took them in said car to the City Hall in Cisco. After reaching the City Hall, the officers made an assault upon the plaintiff Arthur Lee Archer, and inflicted upon him a personal injury. It is shown that Ackers, in addition to his duties as constable, was also a special police officer of the City of Cisco.

■ It is the well settled law of this State that a city is not liable for injuries inflicted by one of its peace officers while making an arrest. This is true even though the arrest may be unlawful and the officer may use more force than is necessary in making the arrest. The officer, in making the arrest, is acting in a governmental capacity and the city is not liable for any injuries inflicted by him at such time. If the officer uses greater force than is necessary or reasonable in making the arrest, or if he makes an unlawful arrest, he ceases to act on behalf of the city. He thus becomes personally liable for injuries inflicted by him but no liability attaches to the city.

■ It is the theory of the plaintiff that the officers became angry at plaintiff Arthur Lee Archer, and due to their animosity toward him, they made an unjustified assault upon him. They contend that if the officer made the assault under these circumstances, they were not performing a governmental function. We agree with this contention. However, if the officers went beyond their authority and made an assault upon Archer because they were angry at him, the city would not be liable for damages resulting from injuries inflicted by the officers. If the officers were acting lawfully in making the arrest, they were performing a governmental function and the city would not be liable. If they were acting unlawfully, they would be personally liable for injuries resulting from their unlawful act, but there would be no liability on the part of the city. Harrison v. City of Columbus, 44 Tex. 418; City of Corsicana v. White, 57 Tex. 382; Swanson v. City of Nacogdoches, Tex.Civ.App., 161 S.W. 83; Whitfield v. City of Paris, 84 Tex. 431, 19 S.W. 566, 15 L.R.A. 783, 31 Am.St.Rep. 69; Stinnett v. City of Sherman, Tex.Civ.App., 43 S.W. 847.

It is our opinion the trial court did not err in sustaining the plea in abatement of the City of Cisco.

The judgment of the trial court is affirmed.