

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 25, 1950

Hon. Roy L. Hill                    Opinion No. V-1098.
County Attorney
Runnels County                      Re: Authority of the Coun-
Ballinger, Texas                        ty to prevent a land
                                        owner from closing a
Dear Sir:                               road across his land.

        Your request for an opinion reads in part as
follows:

        "In the year 1939, a number of citi-
    zens together with the owner of land, over
    which the road was established, agreed on
    the community using the road across his
    ranch; this was a permissive and agreeable
    use on the part of the owner. They sought
    help from the County in maintaining the
    road, and the Commissioner used his ma-
    chinery in grading, filling in, building
    cattle guards, etc. on the road, and such
    work is still being done, as I understand.
    The road is now, and has been used by the
    general public, and a school bus route has
    been maintained, and is now being so used
    on this road. The son of the original own-
    er now wants to close the road . . ."

        You ask whether the landowner can close the
road in question.

        It was held in Evans v. Scott, 83 S.W. 874,
877 (Tex.Civ.App.1904):

        ". . . There were two theories upon
    which the appellees sought to restrain ap-
    pellant from interference with the public's
    use of the road and the closing of the same;
    First, an implied dedication to such use by
    appellant and those under whom he claimed;
    second, the acquisition of the right on the
    part of the public to use the road by pre-
    scription. These respective claims of right
    to the use of a highway rest upon and are

Hon. Roy L. Hill, page 2   (V-1098)

governed by essentially different princi-
ples of law.  It is said that an implied
dedication is one arising by operation of
law from the acts of the owner, and is
founded on the doctrine of equitable es-
toppel.  Elliott on Roads and Streets (2d
Ed.) s 123.  It is essential in such case
that the owner intended to set the land
apart to the use and benefit of the pub-
lic.  This need not be evidenced by deed.
'It is enough that there has been some
clear, unequivocal act or declaration of
the proprietor evidencing an intention to
set it apart for a public use,' and that
there has been an acceptance on the part
of the public.  The length of time the
road has been used by the public is of no
consequence, unless it becomes important,
in connection with other circumstances,
to show an intention on the part of the
owner of the land to dedicate it to the
public. Oswald v. Grenet, 22 Tex. 94;
Preston v. City of Navasota, 34 Tex. 684;
City of Corsicana v. Anderson (Tex.Civ.
App.) 78 S.W. 261; Elliott on Roads &
Streets, §§ 160, 161.  Unlike an implied
dedication, which, as we have seen, oper-
ates by way of estoppel in pais rather
than by grant, a right by prescription
rests upon the presumption that the own-
er of the land has granted the easement,
and that the grant has been lost.  City
of Austin v. Hall, 93 Tex. 591, 57 S.W.
563; Saunders v. Simpson (Tenn.Sup.) 37
S.W. 195.  To sustain this claim it is
not necessary to show intent on the part
of the owner of the land to set apart the
road to the use of the public, and the
element of acceptance is not involved;
whereas the length of time the road has
been used by the public is the foundation
upon which the claim rests, and the use
upon which the right is predicated must
have continued uninterrupted under an ad-
verse 'claim of right' for the full pre-
scriptive period. . . .  The public's
right of prescription to a highway is not
dependent upon the recognition of that
right by the municipal authorities of the

county, but is acquired by adverse use for the time and in the manner prescribed by the rules of law to which we have adverted. Acts done by the municipal authorities of the county in recognition of the road in question as a public highway would doubtless be facts or circumstances evidencing the acceptance of it under appellee's theory of dedication, but the absence of such acts would not prevent the acquisition of the right on the part of the public to use the road by prescription. Public use in the manner stated and for the necessary period of prescription establishes the public right as firmly as if it had been created by an express grant. Furthermore, a suit to establish a right to use a way claimed by prescription is in the nature of or analogous to a suit to recover land, based upon a title acquired by adverse possession under our statutes of limitation, although the interest which may be acquired by prescription is only an easement, and not an estate in fee; and, where the prescriptive period, as in this state, is not fixed by statute, we conclude the longest period of limitation in actions for land, which is 10 years, will, by analogy, apply. Hence we hold that 10 years is the period of prescription in this state, and the court correctly so charged."

It was held in Phillips v. T. & P. Ry. 296 S.W. 877, 880 (Tex. Comm.App.1927) that "the public may by adverse use for the prescriptive period, which is ordinarily 10 years in this state, acquire the line of highway in a road though the counties have not recognized it as such."

In Black v. Terry County, 183 S W.2d 685, 687 (Tex.Civ.App.1944), it was held:

"The law is well established in this State that whenever the owners of land obtain knowledge of the fact that the county, claiming the right to maintain a road and, acting through its road overseer, takes actual and visible possession of the land over which it runs by working it or preparing it for public travel, thereby asserting a claim

680

to it for the public in such manner that
the owners, if present, would have ascer-
tained the fact that the road was being
established in behalf of the county and
the public generally, the period of lim-
itation or prescription begins to run.
The testimony shows that J. S. Black had
possession of the entire Section 25 until
his death and since his death, J. H. Black
has maintained possession for himself and
the other appellants constantly and con-
tinuously.  He admitted in his testimony
that there probably was a road or passage-
way along the north line of Section 25
ever since the Forrister schoolhouse was
erected, and stated that he put some of
the section in cultivation in 1928.  But
whether any of the appellants had actual
knowledge of the road or not, according
to the testimony it was laid out by the
citizens of Terry County and worked or
'scraped out' in 1924 by the county au-
thorities and graded by them in 1927.
Even if the appellant, J. H. Black, who
represented the other appellants, did not
have actual knowledge of the establish-
ment of the road, he was charged with such
knowledge because he undoubtedly would have
known about it if he had been present at
the time and would have known of the pub-
lic travel over it at any time afterwards.
These acts of establishing the road and
the general travel over it having occur-
red more than nineteen years before appel-
lants filed this suit or made any effort
to discontinue the road, the County and
the public acquired title to it by pre-
scription."

In view of the foregoing, it is our opinion
that when a county maintains a road by working it or pre-
paring it for public travel, thereby asserting a claim to
it for the public in such a manner that the road is es-
tablished for the benefit of the county and the public
generally, the period of prescription begins to run. The
period of prescription in this State is 10 years. Wheth-
er the road in question has been acquired by Runnels
County by prescription is a fact question which this of-
fice cannot answer.

681

## SUMMARY

A county may acquire a public road by prescription, which in this State is 10 years. When a county maintains a road by working it or preparing it for public travel, thereby establishing a claim to the road for the public in such a manner that the road is established for the benefit of the county and the public generally, the period of prescription begins to run.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:mf:mw

Yours very truly,

PRICE DANIEL
Attorney General

By *John Reeves*
    John Reeves
      Assistant