Benilde **VALDEZ** et al., Appellants,

v.

**Manuel AMAYA** et al., Appellees.

No. 13526.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 9, 1959.

Rehearing Denied Oct. 7, 1959.

Ronald Smallwood, Alonso S. Perales, San Antonio, for appellants.

Pichinson, Utter & Chase, Corpus Christi, Nago Alaniz, San Diego, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Benilde Valdez, a widow individually and as the mother and next friend of Yolanda Valdez, Sylvia Valdez, Sabas Valdez, Jr., and Francisco Valdez, minors, against the City of San Diego, Texas, and Manuel Amaya, its City Marshal, seeking to recover damages for the wrongful death of Sabas Valdez, husband of Benilde Valdez and father of the minor plaintiffs.

The trial court sustained a plea in abatement to the cause of action alleged against the City of San Diego, whereupon plaintiffs dismissed their cause of action as to Manuel Amaya, the City Marshal, and prosecuted this appeal from the judgment sustaining the plea in abatement of the City.

The facts are that Manuel Amaya, while acting as City Marshal of San Diego, arrested Sabas Valdez and placed him in the city jail of San Diego. Sabas Valdez had just received a severe beating at the hands of a third party and was in urgent need of medical attention at the time of his arrest, a fact apparent to Manuel Amaya. Sabas Valdez was released from custody the following morning and died two days later.

The City's plea in abatement was based upon the contention that Manuel Amaya as City Marshal was exercising police power in making the arrest of Sabas Valdez and, therefore, the City could not be held liable for Amaya's negligence under the doctrine of *respondeat superior*, and further, that if the Marshal was not acting in his official capacity as a police officer, then the City could not be held liable upon any theory, as he had no authority to act for the City in any other capacity.

The trial court properly sustained the plea in abatement. Whitfield v. City of Paris, 84 Tex. 431, 19 S.W. 566, 15 L.R.A. 783; Archer v. City of Cisco, Tex.Civ.App.,

211 S.W.2d 955; Owensby v. Morris, Tex. Civ.App., 79 S.W.2d 934; 30–B Tex.Jur., Municipal Corporations, § 648.

Appellants contend that the City is liable for the negligence of the Marshal in failing to furnish Sabas Valdez immediate emergency medical treatment at the time he was placed in the City jail, when it was obvious that he needed such treatment. We cannot agree. The Marshal, in arresting Sabas Valdez and placing him in jail, was exercising police power and, regardless of what his negligence was in this connection, the City is not liable for the damages caused by such negligence, under the doctrine of *respondeat superior*. The authorities cited above clearly support this rule.

The judgment is affirmed.