Nelson Lee **BURNETT**, Appellant,

v.

**CITY OF HOUSTON**, Texas, Appellee.

No. 253.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

June 11, 1969.

Rehearing Denied July 2, 1969.

James N. Parsons III, Nagle & Barr, Houston, for appellant.

Wm. A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor of City of Houston, Houston, for appellee.

BARRON, Justice.

This is a false arrest and false imprisonment action filed by Nelson Lee Burnett, appellant, against the City of Houston.

Both parties filed motions for summary judgment, and after a hearing the trial court granted the motion for summary judgment filed by the City.

Appellant alleges that on November 30, 1966, he was falsely arrested, imprisoned and assaulted by an officer of the Houston Police Department, in violation of the Constitution and laws of this state and in violation of the due process clause of the 14th Amendment to the United States Constitution. Appellant alleges that all of the above occurred with full knowledge of the City of Houston, and that all actions relevant to this cause were taken while the officers were in the course and scope of their employment with the City.

A city is not liable for the actions of its police officers as alleged by appellant while the police officers are in the exercise of the police power of the city. Municipal corporations exercise both governmental and proprietary powers, and while engaged in the former function, a municipality is not liable for torts committed by its officers or agents. The exercise of police power has always been recognized as a govermental function. Moreover, the doctrine of respondeat superior does not exist to render the City liable when the acts complained of are those of police officers in the making of an arrest. Rusher v. City of Dallas, 83 Tex. 151, 18 S.W. 333; Harrison v. City of Columbus, 44 Tex. 418; Luvaul v. City of Eagle Pass, 408 S.W.2d 149 (Tex.Civ.App.), writ ref., n. r. e.; Gonzalez v. City of El Paso, 316 S.W.2d 176 (Tex.Civ.App.), no writ hist.; Whitfield v. City of Paris, 84 Tex. 431, 19 S.W. 566, 15 L.R.A. 783; Archer v. City of Cisco, 211 S.W.2d 955 (Tex.Civ.App.), no writ hist.; 40 Tex.Jur.2d, Sec. 624, p. 311; Strong v. City of Milwaukee, 38 Wis.2d 564, 157 N.W.2d 619.

Under the circumstances above stated, the police officers involved might be personally liable for damages for false arrest and false imprisonment, but the City is not liable. See Harrison v. City of Columbus, supra.

We are urged to overrule the doctrine of governmental immunity as applied in the case. Such is not the function of an intermediate appellate court. City of Port Arthur v. Wallace, 141 Tex. 201, 171 S.W.2d 480, 481 (Tex.Sup.); Mayes v. City of Wichita Falls, 403 S.W.2d 852, 854 (Tex.Civ.App.), writ ref. n. r. e.; Luvaul v. City of Eagle Pass, supra, 408 S.W.2d p. 153.

It is unnecessary that we discuss other points of error included in appellant's briefs.

The judgment of the trial court is affirmed.