The Honorable Will Hartnett Chair, Committee on Judicial Affairs Texas House of Representatives P.O. Box 2910 Austin, Texas 78768-2910
Re: Whether a school district may pay attorneys' fees to a non-prevailing party in litigation (RQ-0002-GA)
Dear Representative Hartnett:
Your predecessor asked whether a school district that prevailed in a whistle-blower suit in both the original suit and appeal may pay legal fees to the law firm that represented the non-prevailing employee. As your predecessor described the situation, the school district incurred no liability, and thus the employee had no claim on the district.[1]
We note as a preliminary matter that in certain circumstances the common law permits a governmental body to pay a public employee's legal expenses to defend against a suit brought for actions the employee took as part of his official duties. See, e.g., Tex. Att'y Gen. Op. Nos. DM-488 (1998) at 2, JM-968 (1988) at 2, H-887 (1976) at 2-4. However, no precedent suggests that a public employee who unsuccessfully sues his employer may avail himself of this doctrine.
Article III, section 52(a) of the Texas Constitution provides in relevant part:
 Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town, or other political corporation or subdivision of the state . . . to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever. . . .
Tex. Const. art. III, § 52(a).
It is well settled that when a governmental entity is not liable on a claim, the payment of that claim constitutes "a pure gift or donation" and violates the constitution. Tompkins v. Williams,62 S.W.2d 70, 71 (Tex. Comm'n App. 1933, judgm't adopted); accordState v. City of Austin, 331 S.W.2d 737, 742 (Tex. 1960). The situation your predecessor described is one in which the school district, having won the lawsuit, has no obligation to the employee, and the employee no claim on the district. No argument has been presented that such a payment serves a public purpose, and we know of none. Accordingly, the payment of any sum as legal fees for the employee is a direct violation of article III, section 52(a) of the Texas Constitution.
 SUMMARY
A school district's payment of attorneys' fees to a non-prevailing party is a gratuitous donation of public funds in violation of article III, section 52(a) of the Texas Constitution.
Very truly yours,
 GREG ABBOTT Attorney General of Texas
BARRY R. McBEE First Assistant Attorney General
DON R. WILLETT Deputy Attorney General — General Counsel
NANCY S. FULLER Chair, Opinion Committee
James E. Tourtelott Assistant Attorney General, Opinion Committee
[1] See Letter from Honorable Senfronia Thompson, Chair, Committee on Judicial Affairs, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Nov. 26, 2002) (on file with Opinion Committee) [hereinafter Request Letter].