ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 23, 2003

The Honorable Will Hartnett                          Opinion No. GA-0062
Chair, Committee on Judicial Affairs
Texas House of Representatives                        Re: Whether a school district may pay attorneys'
P. O. Box 2910                                        fees to a non-prevailing party in litigation
Austin, Texas 78768-2910                              (RQ-0002-GA)

Dear Representative Hartnett:

       Your predecessor asked whether a school district that prevailed in a whistle-blower suit in both the original suit and appeal may pay legal fees to the law firm that represented the non-prevailing employee. As your predecessor described the situation, the school district incurred no liability, and thus the employee had no claim on the district.[1]

       We note as a preliminary matter that in certain circumstances the common law permits a governmental body to pay a public employee's legal expenses to defend against a suit brought for actions the employee took as part of his official duties. See, e.g., Tex. Att'y Gen. Op. Nos. DM-488 (1998) at 2, JM-968 (1988) at 2, H-887 (1976) at 2-4. However, no precedent suggests that a public employee who unsuccessfully sues his employer may avail himself of this doctrine.

       Article III, section 52(a) of the Texas Constitution provides in relevant part:

              Except as otherwise provided by this section, the Legislature
              shall have no power to authorize any county, city, town, or other
              political corporation or subdivision of the state . . . to grant public
              money or thing of value in aid of, or to any individual, association or
              corporation whatsoever . . . .

TEX. CONST. art. III, § 52(a).

---

       [1]See Letter from Honorable Senfronia Thompson, Chair, Committee on Judicial Affairs, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Nov. 26, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

It is well settled that when a governmental entity is not liable on a claim, the payment of that claim constitutes "a pure gift or donation" and violates the constitution. *Tompkins v. Williams*, 62 S.W.2d 70, 71 (Tex. Comm'n App. 1933, judgm't adopted); *accord State v. City of Austin*, 331 S.W.2d 737, 742 (Tex. 1960). The situation your predecessor described is one in which the school district, having won the lawsuit, has no obligation to the employee, and the employee no claim on the district. No argument has been presented that such a payment serves a public purpose, and we know of none. Accordingly, the payment of any sum as legal fees for the employee is a direct violation of article III, section 52(a) of the Texas Constitution.

## S U M M A R Y

A school district's payment of attorneys' fees to a non-prevailing party is a gratuitous donation of public funds in violation of article III, section 52(a) of the Texas Constitution.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee