

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

January 8, 2016

The Honorable Chris Taylor
Tom Green County Attorney
Criminal Justice Center
122 West Harris
San Angelo, Texas 76903

Opinion No.  KP-0056

Re: Whether state law authorizes a municipality to reimburse an appellant for costs incurred in a successful appeal to a zoning board (RQ-0037-KP)

Dear Mr. Taylor:

You ask on behalf of the City of San Angelo (the "City") whether state law authorizes a municipality to reimburse an appellant for costs incurred in a successful appeal to a zoning board.[1] The City's Brief states that the City has appointed a zoning board of adjustment (the "Board") under section 211.008 of the Local Government Code. Brief at 1. A section 211.008 board may "hear and decide an appeal that alleges error in an order, requirement, decision, or determination made by an administrative official in the enforcement of" chapter 211, subchapter A, or an ordinance adopted thereunder. TEX. LOC. GOV'T CODE § 211.009(a)(1). The Brief informs us that a property owner asked for a ruling on whether City ordinances allowed commercial development of the owner's property in central San Angelo as a frac-sand transloading facility. Brief at 1. The Brief states that the Board's director of development services interpreted a City zoning ordinance as permitting the proposed commercial use as a matter of right. *Id.* The Brief further states that several citizens living near the proposed development appealed the director's interpretation of the ordinance to the Board, and one of the appellants incurred expense in preparing "DVDs, pictures, documentation and other physical evidence demonstrating the adverse health and safety effects of frac sand transloading facilities." *Id.* at 1–2. The Brief asserts that the Board found the evidence persuasive and reversed the director's interpretation. *Id.* at 2. The Brief states that the Board "and City Council have determined that reversal of the Director's interpretation of the ordinance and disallowance of the proposed development was of a substantial health and safety benefit to the community." *Id.* The City asks whether the Board or the City Council may authorize reimbursement of the appellant's expenses without violating article III, section 52 of the Texas Constitution or chapter 211 of the Local Government Code. *Id.*

Chapter 211 does not address the costs of an appeal to a zoning board of adjustment, although the chapter does grant authority to the municipal governing body or the zoning board of adjustment, as appropriate, to promulgate zoning ordinances, regulations, rules, and orders. *See*

---

[1]*See* Letter from Honorable Chris Taylor, Tom Green Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (July 15, 2015) ("Request Letter") and attached letter from Daniel Valenzuela, San Angelo City Manager at 1 (July 3, 2015) ("Brief"), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs.

*generally* TEX. LOC. GOV'T CODE §§ 211.001–.033. Chapter 211 does not resolve the City's question as a statutory matter.

Article III, section 52(a) of the Texas Constitution prohibits a political subdivision such as a municipality from gratuitously granting public funds to an individual. TEX. CONST. art. III, section 52(a). The prohibition is absolute, although the constitution provides for limited exceptions not pertinent here. *See Bexar Cty. v. Linden*, 220 S.W. 761, 762 (Tex. 1920) ("The giving away of public money, its application to other than strictly governmental purposes, is what the provision is intended to guard against. The prohibition is a positive and absolute one . . . ."). Payment of public funds by a political subdivision is not gratuitous, however, if the political subdivision "receives return consideration," *i.e.*, the payment is part of a quid pro quo transaction. *Tex. Mun. League Intergov'tl Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 383 (Tex. 2002). Whether a proposed payment complies with article III, section 52(a) may be determined according to a three-part test enumerated in *Texas Municipal League*, which provides that the political subdivision

> making the transfer must (1) ensure that the transfer is to "accomplish a public purpose, not to benefit private parties; (2) retain public control over the funds to ensure that the public purpose is accomplished and to protect the public's investment; and (3) ensure that the political subdivision receives a return benefit."

Tex. Att'y Gen. Op. No. KP-0029 (2015) at 2 (quoting *Tex. Mun. League Intergov'tl Risk Pool*, 74 S.W.3d at 384).

The political subdivision must decide, in the first instance and subject to judicial review, whether a particular expenditure satisfies the three-part test in *Texas Municipal League*. Tex. Att'y Gen. Op. No. KP-0007 (2015) at 2. However, the Brief's description of the contemplated "reimbursement" is more consistent with an after-the-fact reward or gratuity than an expenditure that would achieve a municipal public purpose or entitle the City to return consideration. While the private party's appeal may have had incidental "benefit to the community," the Brief does not suggest that the City is under any legal obligation, whether by contract, order, or other law, to reimburse the private party's appellate costs. "[T]he use of public money to pay a claim predicated on facts which generate no [governmental] liability constitutes a gift or donation in violation of our Constitution." *State v. City of Austin*, 331 S.W.2d 737, 742 (Tex. 1960); *see also Tompkins v. Williams*, 62 S.W.2d 70, 71 (Tex. Comm'n App. 1933, judgment adopted). Thus, article III, section 52(a) of the Texas Constitution would likely prohibit a municipality from paying a private party's costs incurred in a successful appeal to a zoning board to the extent that such payment constitutes a gratuitous payment of public funds.

## S U M M A R Y

Article III, section 52(a) of the Texas Constitution would likely prohibit a municipality from paying a private party's costs incurred in a successful appeal to a zoning board to the extent that such payment constitutes a gratuitous payment of public funds.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee