# FEBRUARY, 1932

CITY OF WICHITA FALLS V. H. L. ROBISON.

No. 5780.  Decided February 10, 1932.
(46 S. W., 2d Series, 965.)

*Thelbert Martin,* of Wichita Falls, for plaintiff in error.

The plaintiff's petition having alleged that he was employed by the City of Wichita Falls in its *sanitary department,* and that he was engaged in sanitary work and used a certain chemical known as "Pink Disinfectant Powder," said petition conclusively shows that the plaintiff was engaged in a governmental function of the city and for that reason the city is not liable by reason of the alleged negligence of its officers.

The court did not err in sustaining the defendant's third special exception, because the petition shows on its face that the plaintiff was employed in the sanitary department of the City of Wichita Falls, and in the use of the powder in question was exercising police power and a governmental function of the city under the direction of the health and sanitary officials. R. S., 1925, arts. 4419, 4424, 4425, 4426, 4430, 4431; McQuillin Mun. Corp., sec. 6, pp. 479, 880; Whitfield v. City of Paris, 84 Texas, 31, 19 S. W., 566; Givens v. City of Paris, 5 Texas Civ. App., 705, 24 S. W., 794; Shanewerk v. City of Fort Worth, 11 Texas Civ. App., 271, 32 S. W., 918; Bates v. City of Houston, 14 Texas Civ. App., 287, 37 S. W., 383; White v. City of San Antonio, 94 Texas, 313.

*E. W. Napier,* of Wichita Falls, for defendant in error.

The city is liable for damages growing out of the negligent act of its employees. Ostrom v. City of San Antonio, 94 Texas, 523, 62 S. W., 909; City of Ft. Worth v. Wiggins, 5 S. W. (2d) 761; City of Paris v. Jenkins, 122 S. W., 411.

MR. JUSTICE PIERSON delivered the opinion of the court.

H. L. Robison brought his suit in the district court of Wichita county against the City of Wichita Falls, a municipal

corporation organized as a home rule city under the Constitution and laws of Texas, to recover damages for personal injuries which he alleged he received from the negligence of the city. The trial court having sustained the city's general and special demurrers to the defendant in error's petition, and defendant in error having failed to amend, the case was dismissed. The Court of Civil Appeals held that defendant in error's petition stated a cause of action and reversed the case and remanded it to the district court for a trial on its merits. 27 S. W. (2d) 281. It therefore becomes necessary for us to make a rather extended statement of defendant in error's petition. Paragraph 2 of the petition is as follows:

"That the Plaintiff has been in the employ of the defendant, City of Wichita Falls, in what is known as the sanitary department for approximately fifteen years, and that during the last four or five years the defendant has required the plaintiff to use in the performance of his duties as such employe a disinfectant known as 'Pink Disinfectant Powder' and being composed of Calcium-Hydroxide and Soweco Coal Tar disinfectant, the latter being a resultant of the destructive distillation of coal tar; that said disinfectant powder was furnished to the plaintiff in barrels in powder form for his use in his work as aforesaid, and that the defendant required the plaintiff as a part of his duties in connection with said employment to use and handle said disinfectant powder and to distribute and deposit the same wherever required."

Defendant in error's petition alleged negligence on the part of the city in various particulars, and that such negligence resulted in injuries to him, and particularly that on account thereof he became blind; that said disinfectant powder was a strong irritant and very hurtful to the eyes; that he was, and is, an ignorant man, and was wholly unfamiliar with the harmful effects of said disinfectant to the eyes. It also alleged that by reason of not having suitable tools to apply said disinfectant, some of it got into defendant in error's eyes, and finally, after a long use, caused him to become totally blind, and that the city was negligent in failing to warn defendant in error of the nature of such disinfectant and of the dangers attendant upon the use of same, and also in failing to furnish proper tools to apply the same. While it is not shown where defendant in error worked, or what his duties were with reference to said disinfectant, yet he did allege that he was employed by the city in its "sanitary department."

The city filed its general demurrer to defendant in error's petition, and also specially excepted as follows:

"1st. Said petition shows on its face that plaintiff was guilty of contributory negligence which was the proximate cause of the alleged injuries complained of by him in his said petition.

"2nd. Said petition shows on its face that plaintiff's cause of action, if any he has, accrued more than two years prior to the institution of this suit and the filing of his said original petition, and that same is thereby barred by the statute of limitation.

"3rd. That said petition shows on its face that the plaintiff was employed by the defendant in the exercise of police power and for that reason the defendant is not responsible to the plaintiff.

"4th. That the said petition shows on its face that same is a suit against the City of Wichita Falls to recover damages for personal injuries sustained by the plaintiff, and for that reason the defendant is not liable under the provisions of Section 139 of the Charter of the City of Wichita Falls, Texas."

The district court sustained the general exception and special exceptions 1, 2, and 3, but overruled exception number 4.

The city contends that it is affirmatively shown upon the face of defendant in error's petition that he was employed by the city to perform duties involving a governmental function of the city; that the sanitation of the city is a governmental function, and that the city is not liable for negligent acts of its officers and agents while discharging such governmental functions. Since we agree with its contention, and that defendant in error's petition fails to show a cause of action, it is not necessary to decide the other issue involved in this suit.

■ It is well settled by the decisions of this court, as well as by those in other jurisdictions, that sanitation for the public health of a city is a governmental function, and that when a city is exercising such power it is not liable for injuries inflicted through the negligence of its officers and employees. Whitfield v. City of Paris, 84 Texas, 431, 19 S. W., 566; White v. City of San Antonio, 94 Texas, 313, 60 S. W., 424; McQuillin on Municipal Corporations (2nd ed.), vol. 6, pp. 775, 776, 784, 785, and 788.

The question, therefore, for our determination is whether the allegations of defendant in error's petition, when most liberally construed in his favor, show that at the time of his injury he was engaged in the performance of a governmental

function. While defendant in error's petition does not disclose the nature of the work he was doing, it does allege, however, that J. M. Farrell was the city health officer in charge and control of the sanitary work of the city, and that defendant was at all times working under his directions and orders; that in the performance of his duties he was required to use, and did use and handle, the disinfectant powder, and that through the continuous use thereof in the necessary discharge of his duties over a number of years he sustained the injuries complained of.

■ The ordinary meaning of the word "sanitary" is that which pertains to public health with particular reference to cleanliness and freedom from infection and deleterious influences. Mayor and City Council v. Bloecher & Schaff, 149 Md., 648, 132 Atl., 160. Webster's New International Dictionary defines the word "sanitary" as follows: "Of or pertaining to health; designed to secure or preserve health; relating to the preservation or restoration of health; hygienic, as, sanitary regulations, sanitary science."

The Supreme Court of Missouri in Eyerman v. Blaksley, 78 Mo., 145, construed the word "sanitary" as used in the city charter, which provided that the assembly could authorize the construction of sewers and sewer districts when the Board of Public Welfare should recommend it as necessary for sanitary or other purposes, as "embracing everything pertaining to the health of the inhabitants."

■ The fair and reasonable deduction to be drawn from defendant in error's allegations is that he was injured while using a distinfectant in the discharge of his duties in the sanitary department of the City of Wichita Falls, and that the performance of such duties was reasonably incident and appropriate to the operation of the sanitary department. The purpose of maintaining a sanitary department by a municipality is to promote the public health by destroying elements injurious thereto. The use of a disinfectant is reasonably calculated to accomplish such a purpose. The only reasonable interpretation, therefore, to be put upon defendant in error's petition is that in handling the disinfectant which caused his injury he was using same for the purpose of accomplishing the very object for which the sanitary department was established.

It is true that when an employee of a city is injured the fact that he is employed as a member of a department charged with the duty of performing a governmental function is not of itself determinative of the question of the liability of the city

138

for injuries received by him through the negligence of the officers of said city. The question of the city's liability for such injuries must be determined not by the particular department in which he is employed, but turns rather upon the question as to whether the nature of the work being done by him comes within the purview of the performance of a governmental function by the city.

■ In the absence of allegations to the contrary in defendant in error's petition, we must presume that the city's officer in charge of its sanitary department performed the duties ordinarily incident to his position,—that is, to direct and supervise the work of employees in his particular department, in the work of promoting the public health of the inhabitants of the city. If such officer directed defendant in error to engage in work outside the scope of his department, and defendant in error was injured through the negligence of such officer, it was the duty of defendant in error to allege such fact. Conway v. City of Beaumont, 61 Texas, 10. In the absence of such allegation, it must be assumed that the chief sanitary officer confined his duties to operating the sanitary department, and that in assigning employees of such department to the performance of particular duties they were such as were within the scope of the activity of that department.

It affirmatively appearing from defendant in error's petition that he was engaged in the performance of a governmental function at the time of his injury, the city was not liable, and he cannot recover. The trial court properly sustained the city's general demurrer to defendant in error's petition. Therefore the judgment of the Court of Civil Appeals is reversed, and that of the District Court is affirmed.