**BALLARD et ux. v. CITY OF FORT WORTH.**

No. 12845.

Court of Civil Appeals of Texas. Fort Worth.

May 20, 1933.

Rehearing Denied June 17, 1933.

Houtchens & Houtchens and J. Harold Craik, all of Fort Worth, for appellants.

R. E. Rouer, George C. Kemble, R. B. Young, Jr., and J. M. Floyd, all of Fort Worth, for appellee.

CONNER, Chief Justice.

This appeal is from an instructed verdict and judgment in a suit instituted by appellant to recover damages in a large amount for injuries alleged to have been received by him while at work for the city in one of the pipes of the city's sewer lines.

He alleged that he was inexperienced in such work, without knowledge of its dangers, and that, while doing that which he had been directed to do, he was seriously asphyxiated by noxious and poisonous gases generated in the pipe in which he was at work that proximately resulted in the injuries set forth in his petition.

Appellant further alleged that the city was guilty of negligence in failing to provide him with a safe place to work, in failing to warn him of the dangers incident to the work and the probable presence of sewer gas, in failing to furnish him with a gas mask, in failing to ascertain whether or not the gas was present before instructing him to enter the pipe, and in failing to send an employee into the sewer pipe who was experienced in performing such work.

Appellee's principal defense was and is that the city in the establishment and operation of its sewer lines and system performs a governmental function, and hence not liable for the negligence of its officers and employees. Appellant, in opposition to this contention, cites a large number of cases, but we think the authorities so cited are distinguishable from the one before us. Generally speaking, they are cases where the city operates a governmental function for profit, or where the work performed amounts to a nuisance resulting in injury to property.

Such cases are made exceptions to the general rule, as may be illustrated by reference to Wiggins v. City of Fort Worth (Tex. Civ. App.) 299 S. W. 468, and City of Wichita Falls v. Whitney (Tex. Civ. App.) 26 S.W.(2d) 327. The exceptions, however, do not appear in the present case.

We do not understand that the power of the city to establish and maintain a sewer system is questioned, but, if it can be said to be even indirectly involved, we think ample authority therefor is to be found in the Home Rule Amendment of the Constitution (article 11, § 5), article 1108, Revised Statutes 1925, and in chapter 15 of the present charter, entitled "Department of Public Health and Welfare."

The established facts in the present case are that the city constructed and maintains its sewer system for the purposes specified in the section of the charter quoted from its general revenue and without fees charged or profit. This being true as presented, we see no material distinction between the present case and that of Wichita Falls v. Robison (Tex. Sup.) 46 S.W.(2d) 965, 966. There an employee of the city of Wichita Falls complained of negligence and injuries in being required to handle a poisonous disinfectant used in operating the city's sewer system. A general demurrer to the plaintiff's petition was sustained by the trial court, and the case finally reached our Supreme Court, where it was disposed of in an opinion written by Mr. Justice Pierson. We quote the following from that opinion which sustained the ruling on the general demurrer:

"It is well settled by the decisions of this court, as well as by those in other jurisdictions, that sanitation for the public health of a city is a governmental function, and that, when a city is exercising such power, it is not liable for injuries inflicted through the negligence of its officers and employees. Whitfield v. City of Paris, 84 Tex. 431, 19 S. W. 566, 15 L. R. A. 783, 31 Am. St. Rep. 69; White v. City of San Antonio, 94 Tex. 313, 60 S. W. 426; McQuillin on Municipal Corporations (2d Ed.) vol. 6, pp. 775, 776, 784, 785, and 788."

If the rule of exemption under consideration is broad enough to include a mere chemical substance used in connection with the operation of a sewer for sanitary purposes, no sound reason exists for holding that the sewer system itself is beyond its scope.

We conclude, on the authority of the case of Wichita Falls v. Robison, supra, that the judgment below should be in all respects affirmed.