**JONES v. CITY OF TEXARKANA.**

No. 5021.

Court of Civil Appeals of Texas. Texarkana.

Dec. 29, 1936.

Rehearing Denied Jan. 14, 1937.

charge of said work and certain foremen and employees in said City in that the plaintiff alleges that he was working in the bottom of a ditch where it was his duty to work as an employee of said defendant, said ditch being approximately ten or twelve feet deep, and while so working in said ditch the sides or walls of said ditch which were made up of rock and dirt and other rubbish toppled and fell over and fell upon this plaintiff in the bottom of said ditch and severely injured him as herein set forth.

"Plaintiff alleges that his said injuries were caused by the negligence of defendant's City Engineer, M. N. Watson, and two certain foremen of said defendant, to-wit: B. E. Helms and R. E. Lumpkin, and other employees, whose names are unknown to the plaintiff, who had the control and direction over this plaintiff and other employees, of said City, in the doing of the work which the plaintiff was engaged in at the time herein set forth, and also had the direction and management of doing said work, in that the plaintiff alleges that the sides of the wall of the ditch in which the plaintiff was working was made up of loose rock, dirt and rubbish, and that the same was not secure and safe but that on the contrary the same was unsafe, all of which was unknown to this plaintiff, but which was known to the City Engineer, said foreman and other employees in charge of said work at that time, who were present at the time, and whose duty it was to observe and watch said walls to see whether or not they were safe and to see whether or not there was any danger of them toppling over and falling into the ditch on the plaintiff and other workmen who were then working in the bottom of said ditch, but that the said City Engineer, foreman and other employees negligently failed to inspect said walls on the sides and adjacent to where the plaintiff was working, and negligently failed to discover that said walls were unstable and unsafe, and thereby the same toppled over and fell in upon the plaintiff.

"The defendant, its said agents, to-wit, M. N. Watson, B. E. Helms and R. E. Lumpkin, its servants and employees were further guilty of negligence in that they knew, or could have ascertained by the exercise of ordinary care, that the walls to said ditch on either side of where the plaintiff was working were unsafe, unstable and liable to fall in, and that said agents, serv-

Keeney & Moseley, of Texarkana, and Jones & Jones, of Marshall, for plaintiff in error.

E. Newt Spivey, Ed B. Levee, and J. Fred Hoffman, all of Texarkana, for defendant in error.

SELLERS, Justice.

V. W. Jones sued the City of Texarkana, Tex., in the district court of Bowie county to recover damages in the sum of $25,000 for personal injuries to himself alleged to have been sustained as a result of negligence on the part of the city. The nature of plaintiff's suit is reflected by the following paragraphs of his petition:

"The plaintiff alleges that on or about July 5th, 1934, the plaintiff was employed by and working for the defendant in the digging of a sewer in the City of Texarkana, Texas, near Oak and Seventh Streets, in the said City, and while so employed the plaintiff was severely and permanently injured by reason of the negligence of the said City and its City Engineer in

ants, and employees in the exercise of ordinary care should have rendered said walls safe so that they would not have toppled and fallen into the ditch, in that they had jacks and other appliances which they could have used to prevent the said walls from toppling over and falling into said ditch; that said agents, servants and employees of the defendant negligently failed to use said jacks, or any other means at their command, to make said walls safe in order to prevent them from falling into the ditch.

"Plaintiff further alleges that the defendant's said agents and employees in charge of said work, to-wit: Its City Engineer and its said foremen in charge of said work were further guilty of negligence, which caused the plaintiff's injuries, in that by the exercise of ordinary care the said City Engineer and foreman in charge of said work should have discovered and known that there was danger of said wall of said ditch toppling over and falling in said ditch on the plaintiff and other workmen therein; and that said City Engineer and foreman were guilty of negligence in not ascertaining the dangerous condition of said wall and in not warning the plaintiff of said danger, in order that he might have protected himself from said wall toppling upon him and thereby injuring him.

"That the defendant, and its City Engineer and said foreman in charge of said work, were further guilty of negligence in that they failed to at and before the time the plaintiff was injured as herein alleged furnish the plaintiff with a reasonably safe place to work; and that the said defendant, and its City Engineer and foreman in charge of said work were guilty of negligence in failing to furnish the plaintiff a safe place to work at the time he was injured, as herein alleged.

"Plaintiff alleges that all of the acts of negligence of the defendant, its City Engineer and foreman in charge of said work, were separately and concurrently the proximate cause of plaintiff being injured as herein set forth and of the resulting injuries caused thereby."

The city answered and insisted upon its general demurrer, which was sustained by the trial court. The demurrer was sustained on the theory that the city was engaged in a governmental function in having the sewer ditch dug and therefore was not liable for the injury sustained by the plaintiff. From this ruling and judgment entered in accordance therewith, the plaintiff has appealed to this court by a writ of error.

█ We understand the rule to be in this state that a city is not liable for the negligence of its agents, servants, or employees in performance of duties classified as "governmental function"; but, on the contrary, a municipal corporation is liable for the negligence of its agents, servants, and employees, when acting in a private capacity as a corporation. City of Ft. Worth v. Wiggins (Tex.Com.App.) 5 S.W.(2d) 761. In this case Judge Speer of the Commission of Appeals discusses at some length and with his usual clearness the distinction between those duties of a municipal corporation which are deemed governmental function and those duties which are not governmental in the sense that they exempt the city from liability. As we interpret the petition being considered, the plaintiff in error at the time of his injury was engaged in the construction of a sewer for the City of Texarkana. As such he was engaged in a work which is primarily for the convenience of the inhabitants of the City of Texarkana and therefore would not be for the general public and could not be classified as a governmental function under the above authority. We realize that there is a duty on the state to preserve the health of its citizens, but this duty does not require the state to build a sewer system in any municipality, and as we interpret the above authority, the city is exempt from liability only when it is engaged in a work as the agent of the state in the furtherance of the general law, and since there was no duty on the state to construct a sewer system in the City of Texarkana, there could be no exemption on the part of the city. But we need not rest our conclusion that the city in constructing the sewer was not acting in a governmental capacity alone on the above authority. We take it to be the general rule with but few exceptions that a city in constructing a sewer is not engaged in a governmental function, and hence is liable for the negligence of its agents, servants, and employees which result in personal injuries to an employee. McQuillin, Municipal Corporation, vol. 6, § 2869, p. 927; City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.(2d) 57; City of McAllen v. Humphreys (Tex.Civ.App.) 40 S.W.(2d) 241; City of Panhandle v.

Byrd (Tex.Civ.App.) 77 S.W.(2d) 904. Appellee relies upon Justice Pearson's opinion in the case of City of Wichita Falls v. Robison, 121 Tex. 133, 46 S.W.(2d) 965, in which the Supreme Court held the city not liable for the personal injury sustained by an employee of the city in spraying a disinfectant for the preservation of the sanity conditions of the city, on the ground that the employee was engaged in a governmental function. This case was followed by the Fort Worth Court of Civil Appeals in Ballard et ux. v. City of Fort Worth, 62 S.W.(2d) 594. In which case it seems that the injured employee was engaged in cleaning out a sewer pipe, and the case was disposed of by the court on the theory that the employee was engaged at the time of his injury in the work of sanitation for the preservation of the public health of the city and therefore was a governmental function.

That there is a clear distinction between the work of constructing a sewer for which there is a liability on the part of a city, and work of sanitation for the preservation of the public health for which there is no liability on the part of a city, is made plain by Mr. Abbott, in his work on Municipal Corporations, vol. 3, p. 2228, § 958: "A familiar illustration of a municipal duty is the construction and maintenance of a system of drains or sewers and the principle commonly obtains that in respect to the performance of this duty, a liability may arise on the part of a municipal corporation." The rule with reference to sanitation for the public health is found on page 2245, § 967, of the same volume: "It is also one of the duties resting upon organized government to properly protect the health of those who may reside within its jurisdiction and the performance of its duty in this respect or the carrying out of sanitary regulations or the lack of such action can give rise to no cause of action on the part of those who may be injured thereby." The cases relied upon by defendant in error were disposed of by the court as appears from the opinions on the theory that the work being done was sanitation for the preservation of the public health and therefore no liability existed against the city, and they come clearly within the rule announced by Mr. Abbott in which there is no liability on the part of the city.

The judgment of the trial court will be reversed and the cause remanded.