## CITY OF GLADEWATER v. EVANS.

### No. 5181.

Court of Civil Appeals of Texas. Texarkana.

March 10, 1938.

Rehearing Denied March 24, 1938.

Campbell & Leak, of Longview, Samuel C. Harris, of Gladewater, and L. F. Burke, of Longview, for plaintiff in error.

Wm. M. Davis, of Longview, and Ed Yarbrough, of Henderson, for defendant in error.

WILLIAMS, Justice.

Defendant in error, George Evans, plaintiff below, sued the City of Gladewater and the Gladewater Water & Sewer Company for personal injuries received by plaintiff resulting from an explosion emitted from a manhole in a sewerage system over which said city had erected an open-top, sheet-iron-toilet for use by its employees. He alleged that just as he stepped on the inside of the door to the toilet, the gas from the sewer line became suddenly ignited which caused an explosion in said manhole. The sewer system was owned by the Gladewater Water & Sewer Company, a private corporation. The plaintiff in error, City of Gladewater, a municipal corporation, the defendant below, was constructing a storm sewer system parallel to the sewer system at the time of the alleged injuries. The cause was tried to a jury and resulted in a judgment being entered in favor of the plaintiff against said city. No complaint is made to the jury's finding or to the judgment which exonerated the Gladewater Water & Sewer Company, and the litigation as to it will not be further discussed.

It was agreed in open court that the City of Gladewater, Gregg county, Tex., is a municipal corporation organized under and by provision of the laws of the state of Texas, and is a commission form of government, having a mayor and two commissioners, with its office in the corporate limits of said city. Plaintiff alleged and proved that the City of Gladewater was engaged in the construction of a storm sewer within its city limits, and that plaintiff, together with other laborers, was assisting in the construction of said storm sewer at the time he was injured. Defendant urged a general demurrer, and at the close of the testimony moved for an instructed verdict, both grounded on the proposition that the city was engaged in a governmental function, and therefore not liable for the injuries sustained by plaintiff. A storm sewer serves to carry off water, other fluid substances, and small waste matter, and thereby prevents accumulation of stagnant water or residue of decaying substances, and the pollution of the air with unhealthful and obnoxious fumes and vapors. And in this, the construction of a storm sewer by a municipality is a project for the public health and sanitation. It was a nonrevenue project of the city. The disposition of the proposition raised by defendant's general demurrer and motion for an instructed verdict is controlled by the decision of the Supreme Court in City of Wichita Falls v. Robison, 121 Tex. 133, 46 S.W.2d 965, 966, wherein it is said (page 966): "It is well settled by the decisions of this court, as well as by those in other jurisdictions, that sanitation for the public health of a city is a governmental function, and that, when a city is exercising such power, it is not liable for injuries inflicted through the negligence of its officers and employees. Whitfield v. City of Paris, 84 Tex. 431, 19 S.W. 566, 15 L.R.A. 783, 31 Am.St.Rep. 69; White v. City of San Antonio, 94 Tex. 313, 60 S.W. 426; McQuillin on Municipal Corporations (2d Ed.) Vol. 6, pp. 775, 776, 784, 785, and 788. * * * The ordinary meaning of the word 'sanitary' is that which pertains to public health with particular reference to cleanliness and freedom from infection and deleterious influences. Mayor & City Council v. Bloecher & Schaaf, 149 Md. 648, 132 A. 160; Webster's New International Dictionary defines the word 'sanitary' as follows: 'Of or pertaining to health; designed to secure or preserve health; relating to the preservation or restoration of health; hygienic, as, sanitary regulations, sanitary science.'".

The Fort Worth Court of Civil Appeals in Ballard v. City of Fort Worth, 62 S.W. 2d 594, writ refused, which had before it the question of liability of the city for injuries received by an employee while at work in one of the pipes of the city's sewer line, citing with approval the decision just mentioned, said (page 595):

"The established facts in the present case are that the city constructed and maintains its sewer system for the purposes specified in the section of the charter quoted from its general revenue and without fees charged or profit. This being true as presented, we see no material distinction between the present case and that of City of Wichita Falls v. Robison [121 Tex. 133], 46 S.W.2d 965, 966. * * *

"If the rule of exemption under consideration is broad enough to include a mere chemical substance used in connection with the operation of a sewer for sanitary purposes, no sound reason exists for holding that the sewer system itself is beyond its scope."

The Commission of Appeals in a recent opinion by the Supreme Court in the case of City of Dallas v. Smith, 107 S.W.2d 872, cited with approval both the foregoing decisions, and lists numerous authorities in support of the rule that (page 876): "It is well settled that a municipality is not responsible for the negligent acts of its employees who are endeavoring to carry out the regulations of the city to promote the public health and to care for the sick and destitute."

So, under the authorities herein quoted from, we conclude that the City of Gladewater was engaged in a governmental function and not liable, and therefore the jury should have been instructed to return a verdict for said defendant.

In view of the disposition we have made of this case, we pretermit a discussion of other propositions raised by appellant.

The judgment is reversed and rendered for the City of Gladewater, and affirmed as to the Gladewater Water & Sewer Company.