## BOWIE v. CITY OF HOUSTON.
### No. 12579.

Court of Civil Appeals of Texas. Galveston.
June 25, 1953.

Al Schulman and Simon Frank, of Houston, for appellant.

Will Sears, City Atty., and DeWitt Reagan, Asst. City Atty., of Houston, for appellee.

CODY, Justice.

This was an action brought in a Civil District Court of Harris County by appellant against the City of Houston to recover damages for personal injuries sustained by him while working as an employee of the City in connection with the construction of a new concrete platform for a tank at the North Side Sewage Disposal Plant which appellant alleged was owned and operated by the City.

The court sustained special exceptions urged to appellant's first amended original petition and ordered appellant's alleged cause of action dismissed upon the finding by the court that appellant could not further amend to meet the City's special exceptions. The substance of the City's special exceptions, so sustained by the court, was to the effect that it appeared from appellant's petition that appellant was seeking to hold the City liable under the doctrine of respondeat superior for the manner in which a governmental function had been exercised by the City. Paragraphs 2 and 3 of appellant's first amended petition comprise that particular portion of appellant's pleading which the City by special exceptions complained of as seeking to hold the City liable for its exercise of a governmental function, and said paragraphs read as follows:

"II. That on or about May 12, 1945, Plaintiff was in the employ of the Defendant as a common laborer. That on said date the Defendant, acting through its agents and officers, directed Plaintiff to report for duty in connection with the construction of a new concrete platform for a tank at the North Side Sewage Disposal Plant owned and operated by the Defendant, which employment of Plaintiff by Defendant was in its proprietary capacity. That while so engaged and while working for Defendant as an employee thereof, on or about said date, through the negligence and wrongful acts and omissions of the Defendant, Plaintiff was injured as hereinafter set out.

"III. That Plaintiff, under the direction of Defendant, was engaged in the construction of a new concrete platform for a tank at said sewage disposal plant belonging to the defendant and located in the City of Houston, Harris County, Texas, which tank was not in operation at the time Plaintiff was engaged in the construction work herein described. That in the court of said construction work the Plaintiff was directed by the Defendant to go upon a board walk at the place of such employment. That said walk extended from the outer wall of said tank to the center thereof and Plaintiff and three other men were required to go across said walk, pushing a heavy concrete slab on a dolly from the outer wall to a platform at the center of the tank, and to place said heavy concrete slab on said platform. That Plaintiff and three other laborers pushed said concrete slab across the walk but that in order to place this slab on the platform in the center of the tank as directed by the Defendant, it was necessary for Plaintiff and three other men to

step into metal troughs on each side of said board walk and lift the slab off the walk and onto the platform. That Plaintiff and one man stepped into a trough on one side of said walk and the two other men stepped into a trough on the other side of said walk. That when Plaintiff and the three other men, standing on said trough, undertook to lift said concrete slab from the board walk to the platform, the troughs collapsed and Plaintiff fell approximately 15 or 20 feet onto the concrete floor of said tank, thereby receiving the physical injuries, pain, suffering and damages hereinafter alleged."

From the court's order sustaining said special exceptions and the court's judgment dismissing appellant's action, appellant has perfected his appeal and predicates it upon the following points:

"Point No. 1. The Trial Court erred in dismissing Appellant's Petition inasmuch as a City is engaged in a proprietary function while constructing a sewage disposal plant and is liable for its negligent acts.

"Point No. II. The Trial Court erred in dismissing Appellant's cause of action for the reason that Appellant's Petition alleges in effect that the City of Houston was conducting a nuisance for which it is liable."

We overrule appellant's first point. Nothing was said in the majority opinion of the Supreme Court in City of Houston v. Shilling, 240 S.W.2d 1010, 26 A.L.R.2d 935 to indicate any intention on the part of the Supreme Court to change the application of the exemption of a municipality from liability for the negligence of its employees in the exercise of a governmental function by adopting a stricter construction of what should constitute the exercise of a governmental function by a city. In the case at Bar the question for determination is,—was the construction of a sewage disposal plant by the City of Houston the exercise of a governmental or a proprietary function?

It is made the duty of the City by Article 4477–1, Vernon's Ann.Civ.St., to dispose of sewage in a sanitary manner. So, since the City of Houston had no option but to comply with the provisions of the cited article, such compliance is the exercise by the City of its governmental function. City of Fort Worth v. George, Tex.Civ. App., 108 S.W.2d 929, writ refused. Specifically, the maintenance and operation by the City of Houston of the North Side Sewage Disposal Plant is the exercise of a governmental function. Gotcher v. City of Farmersville, 137 Tex. 12, 151 S.W.2d 565; City of Wichita Falls v. Robison, 121 Tex. 133, 46 S.W.2d 965. The construction and operation of storm sewers by a city is the exercise of its proprietary function, while the construction and operation of sanitary sewers is the exercise of the city's governmental function. Dilley v. City of Houston, 148 Tex. 191, 222 S.W.2d 922, 993. The *construction* of a sewage disposal plant by a city is as much the exercise of a governmental function as is the maintenance after it has been constructed. Ballard v. City of Ft. Worth, Tex.Civ.App., 62 S.W.2d 594, writ refused. The construction by the city of the sewage disposal plant is as much an incident of discharging the duty imposed on it to dispose of sewage in a sanitary manner as is the maintenance of said sewage disposal plant after the same has been constructed.

We overrule appellant's second point. It is clear that appellant did not by his pleadings, in terms, charge the City with maintaining a nuisance and that the said nuisance was the proximate cause of the damages which he sued to recover. Nor are the allegations of appellant's petition reasonably susceptible to the interpretation that he sought to predicate liability of the City upon a nuisance maintained by the City, which was the proximate cause of his injuries. Indeed, the appellee affirms, and appellant does not deny, that no such contention was made in the lower court.

The judgment is affirmed.

Affirmed.

MONTEITH, C. J., not sitting.