**W. E. ROBINSON, Appellant,**

v.

**CITY OF HEREFORD, Appellee.**

No. 6864.

Court of Civil Appeals of Texas.

Amarillo.

April 27, 1959.

Rehearing Denied May 18, 1959.

Huff & Splawn, Lubbock, for appellant.

Witherspoon, Aikin, Thomas & Langley, Hereford, for appellee.

PITTS, Chief Justice.

This is an appeal from a summary judgment wherein appellant, W. E. Robinson, filed suit for damages against appellee, City of Hereford, Texas, by reason of alleged injuries received by appellant while he was an employee of appellee. The controlling questions to be determined are whether or not appellee is immune from damages because appellant was employed and working for appellee in the city sanitation department as a part of the city governmental function, helping to haul garbage and trash when his alleged injury occurred, and whether or not appellant failed to give 30 days written notice to appellee of his alleged injury and claims as required by the city charter.

The record reveals that appellant filed suit against appellee on July 12, 1958, alleging bodily injuries received by him on April 2, 1958, due to appellee's negligence while appellant was working for appellee on the trash and garbage trucks; that appellee answered joining issues with appellant, after which the oral deposition of appellant was taken on August 8, 1958, and filed as a part of the record in the case; that thereafter on August 21, 1958, appellee filed its first amended original answer, followed by filing its motion for summary judgment on August 25, 1958, in both of which pleadings appellee alleged in part as a defense appellee's immunity from damages because appellant was engaged in a governmental function as an employee of appellee at the time of his alleged injury and in any event appellant failed to give appellee notice of his alleged injury of date April 2, 1958, as required by appellee's city charter; that in its motion for summary judgment appellee pleaded an affidavit attached thereto as an exhibit of the Hereford city secretary, Mary V. Watts, showing no notice of his alleged injury was filed with her by appellant concerning his alleged injury; that appellee also therein pleaded that appellant admitted in his oral deposition that he at no time had given notice to the city secretary of

his alleged injury and that a portion of appellant's testimony given in his deposition so showing is attached to said motion as an exhibit; that in its said motion appellee also pleaded its immunity from said damages because appellant was working for appellee in the sanitation department as a governmental function, collecting and hauling garbage and trash at the time of his alleged injuries, and it attached to its said motion as an exhibit that portion of appellant's deposition testifying that such was true.

After the foregoing pleadings were filed showing appellee's defenses and there supported by affidavit of the city secretary and the testimony in support thereof given by appellant in his deposition of date August 8, 1958, and made a part of the record, appellant on September 2, 1958, filed an unverified amended pleading in two counts and the same day filed his sworn reply to appellee's motion for summary judgment, signed and sworn to by one of his counsel. In the first count of his amended pleading appellant alleged damages by reason of his injuries received on April 2, 1958, while he was employed by appellee, working with the "trash trucks" hauling trash and garbage, substantially as he had pleaded in his original petition, but in the said first count of his amended pleading he also alleged waiver by appellee of notice of his claims. In his second count of such pleadings he alleged his injury of date April 2, 1958, and his hospitalization and treatments therefor during a convalescense period until April 28, 1958, when he went back to work for appellee in the parks department until May 22, 1958, when he was again injured as a result of his attempt under the direction of his employer to lift, push and unload a heavily loaded wheelbarrow, "but upon attempting to lift said wheelbarrow his back gave way, he felt a stinging and burning sensation in his back and low back with intense pain and could not lift up the wheelbarrow due to its heavy weight and has not been able to do any kind of labor since said date except of the

lightest form, and has suffered excruciating and intense pain since said date due to the rupture, strain, tearing and bruising of the muscles, ligaments, tissues and blood vessels in his said back and low back, extending down into plaintiff's leg and causing him to be permanently and totally disabled from performing manual labor." Appellant further alleged in his second count in the alternative that if he be mistaken about his incapacity being caused by his injury of date May 22, 1958, then he alleged that his injury received on the latter date seriously aggravated his previous preexisting condition which, coupled with his injury of date May 22, 1958, rendered him permanently and totally disabled, and he further there alleged that he, through his attorneys, gave appellee's city manager written notice on May 28, 1958, of his claim accruing under the second count of his amended petition.

Thereafter on September 3, 1958, appellee filed its first amended motion for summary judgment pleading again its immunity from liability and lack of notice by appellant as it did in its original motion, further asserting no existence of any genuine material issues of fact and attaching as exhibits thereto the said affidavit of the city secretary to the effect that no notice had been given as well as a copy of a letter written by appellant's counsel of date May 28, 1958, to the city manager, which letter appellant's counsel claims was sufficient notice to appellee.

The trial court heard appellee's amended motion for summary judgment and appellant's reply thereto on September 13, 1958, without a jury, after all parties with their respective counsel appeared and announced ready for trial. After hearing and considering all of the pleadings on file with exhibits attached, the deposition of appellant on file, the affidavit of Mary V. Watts, Hereford city secretary, which affidavit included a provision of the city ordinance in question, together with arguments of counsel, the court found that appellee's motion for summary judgment should be

sustained. Such was therefore sustained and judgment accordingly entered denying appellant any recovery, from which judgment appellant perfected his appeal.

Appellant presents three points of error contending first that the pleadings conclusively show the existence of genuine fact issues of negligence by appellee, next, that the pleadings conclusively show the existence of genuine fact issues and appellant's proof of having furnished timely and sufficient notice of his claims, and finally that the pleadings conclusively show the existence of genuine fact issues and proof of appellant's injury, or aggravation of a preexisting injury occurring while he was employed by appellee in its parks department, which is strictly a proprietory function and not a governmental function. Such three points of error were grouped and briefed together.

■■■ It will be observed that appellant in stating each of his three points of error lays stress on his pleadings by asserting in each point "that the pleadings conclusively show the existence of genuine fact issues * * *" while in the case of Reese v. Davitte, Tex.Civ.App., 255 S. W.2d 1015, 1017, (writ dismissed) the appellate court said the trial court " * * * may look through and beyond the pleadings and even though a petition may state a cause of action, nevertheless if on a motion for summary judgment proof fails to show any genuine issues regarding a material fact, the granting of summary judgment is proper," (citing authorities in support thereof). The court there further said the trial court must determine from what it then has before it whether or not any genuine issue of fact as to any material matter is presented and whether or not as a matter of law the moving party is entitled to judgment.

■ We think it is well to give here a full account of appellant's testimony. In his deposition of date August 8, 1958, appellant gave lengthy testimony to the effect that he had worked for appellee for

five years and that it was at his request repeatedly made that he be permitted to work with the sanitation department collecting and hauling away trash and garbage, that he had been finally and previously put in that department; that during the early morning of April 2, 1958, while he and two other experienced employees were operating a "trash and garbage" truck for appellee, collecting trash and garbage at the back of the machine shop of Poarch Brothers, he and another employee picked up a wooden box full of steel cuttings and shavings weighing a hundred pounds or more and as they lifted it to the top of the truck bed the box slipped, fell and hit appellant on the back and injured him then but they continued working for a short time until they soon reached Central School where they were using small barrels furnished to gather the trash from the school; that the first small barrel full of trash he started to lift up into the truck he collapsed as a result of his back injury he had just previously received and that he then and there had a sharp, sudden pain in his back like a knife had been stuck in his back when he cried out, "Oh, my back!"; that he was immediately taken by the other two employees to the office of Dr. Stapp, a chiropractor, who examined him but found nothing seriously wrong with him and told him that he could go ahead with his work; that immediately thereafter his back continued to ache and give him trouble when he went to see a physician, Dr. L. B. Barnett, who examined him and made X-rays and found he had a ruptured disc; that he then returned home but later was taken to the hospital where on April 11, 1958, he was operated upon and kept in bed in the hospital for five days with a six pound weight hanging on each of his feet; that he had a group policy from Blue Cross and Blue Shield that paid a part of his doctor and hospital bills; that he thereafter returned home where he remained in bed a few days and was soon up and stirring but still had some soreness in his back; that he grad-

ually improved and voluntarily went back to work for appellee on April 28, 1958, and told his employer he was able to do light work; that his employer put him to work in the city parks department where he and other employees cut weeds, used a two-man saw in cutting some timber and he operated a lawn mower for a short time and continued such work for a period of about three weeks; that when he went back to work he felt well and told his fellow employees that he believed Dr. Barnett had really fixed him up since he felt better than he had in several years; that his injury gave him a little trouble while working and he found it necessary to rest a little at times; that he operated a lawn mower for about a day and a half and found the work too heavy when he told Glenn Neal, under whose supervision he was working, that he just could not push the lawn mower any longer and Glenn did not say anything; that soon thereafter on May 22, 1958, while he was digging for a water line near a swimming pool, Mr. Beyne, appellee's city manager, came by and told him that, "Glenn is the boss over you and Billy Byers is the boss over him and they wanted me to fall in there and get it like the other boys or come by the City Hall and get my check." That he started back to work when "someone—I don't know who it was—but they told me to empty a wheelbarrow load of stuff they had loaded up there in the truck. They were cleaning up around the swimming pool. I went to the wheelbarrow and I couldn't lift it. Those were cement chunks and pieces of blocks and things. I couldn't lift it. I sat it back down where I had lifted it. I sat it down and I went in and told him (Mr. Beyne) I would have to get my check,"; that he got his check the same day on May 22, 1958, since which time he has not worked for appellee; that since May 22, 1958, he had been working on a farm, riding a sled-type planter, planting carrots and lettuce; that he did not know about a city charter provision requiring him to give a written notice and file a claim

with the city about his injury within 30 days; that he had not discussed the matter of such notice with anybody and had not up until August 8, 1958, filed any such notice with appellee. Appellant was then briefly examined by his own counsel and gave further testimony but he made no changes in the foregoing testimony. He did testify further on examination by appellee's counsel that 16 years previous to his injury received on April 2, 1958, he had a "sprained back" injury while working for the Santa Fe Railway Company in 1942 but such injury had not given him much trouble since then, but he did not relate any other injuries received by him and made no mention of any injury received by him on May 22, 1958, or that his subsequent injury had ever been aggravated, although he did relate in his testimony the various events that happened on that day including his instruction by somebody— he did not know who—to move a loaded wheelbarrow when he tried and found he could not lift it, immediately after which he called for his check, since which time he had been working on a farm.

In the case of City of Ft. Worth v. George, Tex.Civ.App., 108 S.W.2d 929 (writ refused) the court held that the collection and disposition of garbage and refuse matter from the homes in the city constitutes a "governmental function," and that a city is not liable for injuries received as a result of the exercise of such a function. In the case of City of Wichita Falls v. Robison, 121 Tex. 133, 46 S.W.2d 965, 966, the court said in part:

"It is well settled by the decisions of this court, as well as by those in other jurisdictions, that sanitation for the public health of a city is a governmental function, and that, when a city is exercising such power, it is not liable for injuries inflicted through the negligence of its officers and employees."

Other authorities holding that such a city sanitation service is a governmental function service for the rendering of which the city is not liable in case of injury are: City of Midland v. Hamlin, Tex.Civ.App., 239 S.W.2d 159, 25 A.L.R.2d 1048; Bowie v. City of Houston, Tex.Civ.App., 259 S.W.2d 765; City of Wichita Falls v. Kemp Hotel Operating Co., Tex.Civ.App., 162 S.W.2d 150, affirmed 141 Tex. 90, 170 S.W.2d 217; Ballard v. City of Ft. Worth, Tex.Civ.App., 62 S.W.2d 594.

The pleadings supported by appellant's own testimony reveal conclusively that appellant was engaged in a city governmental function on April 2, 1958, at the time he received the only injury he gave any account of in his testimony while he was working for appellee. Consequently, the trial court was justified in concluding that appellee, the City of Hereford, is not liable for any injury appellant received on the said date or any disability of appellant as a result of such injury.

■ While appellant alleged in an unsworn amended pleading signed only by his counsel that he received a second injury on May 22, 1958, while working in the parks department of appellee, which injury caused "him to be permanently and totally disabled from performing manual labor," there is not a line of testimony to support such unverified pleading and appellant's own sworn testimony is in conflict with such pleading in part, if not fully, when he testified that he had been working on a farm since May 22, 1958, the day he quit working for appellee, doing light work and in his testimony he related all of the facts and circumstances about what happened on the day he quit on May 22, 1958, and called for his check without making any reference to receiving any second injury as alleged in the said pleading. It is true that one of appellant's counsel swore to and filed a short answer to appellee's motion for summary judgment in which he there alleged that fact issues and questions were presented in his amended pleadings involving negligence, injuries, damages and extent of disability, but he

did not there point out the nature of any such alleged fact issues or questions and did not there allege that such were material fact issues or questions. As was shown to be true in the case of Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, 239, the case at bar is not one involving the inadequacy of appellant's pleadings. It is one involving the absence of any disputed material fact. Appellee's pleadings of immunity and lack of proper notice given by appellant are supported by sworn factual statements sufficient to refute appellant's claims made in his pleadings, notwithstanding the alleged existence of any negligence, injuries, damages or disability. The truth of those sworn factual statements was in no way challenged by appellant by counter affidavits or other sworn statements. In fact, most of the sworn factual statements relied upon by appellee were those given by appellant himself in his oral deposition, which furnished the trial court adequate reasons for sustaining appellee's motion for summary judgment since there were no fact issues to try.

We think the record presented here justified the trial court in "look[ing] through and beyond the pleadings and even though a petition may state a cause of action, nevertheless if on a motion for summary judgment, proof fails to show any genuine issue regarding a material fact, the granting of summary judgment is proper." Reese v. Davitte, supra [255 S.W.2d 1017], and other authorities there cited.

For the reasons stated we think the trial court properly granted appellee a summary judgment because of its immunity from liability.

However, we shall further consider the question of appellant's failure to give appellee proper notice of his claims. It is conceded that appellee's city charter contained the following provision (and on Page 7 of his brief appellant says, "he is charged with its provisions"):

"Section 7. Exemption from liability for damages: The City shall not be liable on account of any claim for specific performance, breach of contract, or damages to the person or to any property, or for any tort, unless the persons, firm or corporation asserting such claim shall file with the City Secretary a written notice of such claim and a brief statement of facts upon which it is based within thirty (30) days from the date it is claimed such cause of action arose; and no suit shall be instituted in any Court on any such claim until the expiration of ninety (90) days from the time such notice shall have been given."

The record reveals an affidavit of Mary V. Watts, city secretary, stating under oath that no such notice was filed with her by appellant. Appellant testified by deposition on August 8, 1958, long after either of the alleged injuries was alleged to have occurred, that he knew nothing about any such city charter requirement and had not filed such a notice with appellee and had never discussed such a matter with anyone else. However, the record reveals a copy of a letter from appellant's attorneys to appellee's city manager in the following language:

"Huff & Splawn
"Attorneys at Law
"817½ Broadway
"Post Office Box 506
"Lubbock, Texas
"May 28, 1958

"City Manager
"City of Hereford
"Hereford, Texas

"Dear Sir:

"This is to advise you that we represent Mr. W. E. Robinson who received serious permanent injuries as a result of being hurt on the job while working for one of your departments. This is to further advise that Mr. Robinson will incur extensive medical costs and expenses in addition to being disabled for the remainder of his life. We also

have been informed that this gentleman was discharged or forced to resign after working for the City of Hereford for a period of five years after you people found out that he was disabled and not able to get out and do the heavy lifting and manual labor required on the job.

"If the City of Hereford has Workmen's Compensation benefits, then you can save yourself thousands of dollars in damages by furnishing us the name of your workmen's compensation insurance carrier immediately.

"As you know, if you do not have workmen's compensation coverage, then your defenses are cut off under the workmen's compensation Act and we can sue you for unlimited damages on the basis of failure to carry workmen's compensation insurance under the provisions of the Workmen's Compensation Statute. [Vernon's Ann. Civ.St. art. 8306 et seq.].

"If we do not hear from you looking toward an amicable settlement of this man's serious claim within ten days, then you can look to have papers served upon you within the very near future and a suit for damages directly against the City of Hereford.

> "Sincerely yours,
> "Huff & Splawn
> "By s/ J. H. Splawn, Jr.
> "t/ J. H. Splawn, Jr."

A 30 days city charter notice requirement is mandatory and a condition precedent before a suit for injury can be maintained against such city. Phillips v. City of Abilene, Tex.Civ.App., 195 S.W.2d 147, 149 (writ refused). The court there further held that the purpose of such requirement and notice "is to promptly put claimants upon record as to how the accident occurred, the nature and extent of the injuries, as well as the time and place thereof so as to avoid such matters resting in parol until time of trial." In the case of City of Waco v. Landingham, Tex.Civ. App., 158 S.W.2d 79, 80 (writ refused) again we find the purpose of a 30 days city charter notice and failure to substantially comply with its provisions stated in the following language:

"It is generally held that the purpose of the notice, such as is here required by the city charter, is to advise the municipality in what the alleged negligence consists and give it an opportunity to investigate while the facts are fresh and the conditions remain substantially the same, thereby enabling it to better guard against fraudulent and unfounded claims and to settle the claim and avoid litigation, or to prepare for trial if it decides not to make settlement. 43 C.J. 1185. There must at least be a substantial compliance with the statute. The description of the cause or circumstances of the injury must be sufficient to direct attention with reasonable certainty to the substantial defect or act of negligence for such recovery is demanded. 43 C.J. 1200. Any material variance between the facts concerning the cause of the injury as set out in the notice and those offered in evidence tending to defeat the purpose of the notice is fatal. 43 C.J. 1240; 30 Tex. Jur. 558."

It has been held by the Commission of Appeals that such city charter notice requirement must be strictly complied with. Cawthorn v. City of Houston, 231 S.W. 701. It has also been held that substantial compliance with the giving of notice is an absolute requirement. In the case of English v. City of Ft. Worth, Tex.Civ. App., 152 S.W. 179, the city charter required the giving of a 30 days notice in such a case as the one at bar. The notice was there given but there was a variance of one city block between the location of the injury as shown in the notice and that shown by the evidence, which variance was held to be fatal since the notice did not

substantially meet the requirements of the city charter.

■■ The record conclusively reveals that appellant did not give or attempt to give appellee notice of any kind at any time of his alleged injury received on April 2, 1958, which was the only injury received by him while working for appellee according to his own testimony. Appellant through his counsel claims that the letter written by his counsel of date May 28, 1958, constitutes notice of the alleged injury of date May 22, 1958. In the first place there is no proof of any injury received by appellant on May 22, 1958, but assuming he received such injury, the letter in question appears to be a mere demand made upon the city for settlement or facing suit for unlimited damages. Nowhere do the contents of the letter state where, when or how appellant received his alleged injury. It does not attempt to give "a brief statement of facts upon which its claim is based" as required by appellee's city charter. In any event, the trial court was justified in concluding that the said letter did not as a matter of law constitute substantial notice for any purpose.

■ In his amended pleadings appellant alleged that the notice requirement of him as to his alleged injury of date April 2, 1958, was waived by appellee by reason of the conduct of appellee's officers toward appellant but the contrary was held in the case of Venters v. City of Ennis, Tex.Civ. App., 283 S.W.2d 408, wherein it was further held that notice was required even where a garbage truck crewman was injured but kept on the payroll by the city after his injury. It has been held that in any event a waiver of notice can not be given by the city except by official action performed before the expiration date of the notice. No such waiver or any other kind has been shown by the record in this case as a result of which appellant's pleading of waiver fails. Further authorities in support of the rule are City of Waco v. Thralls, Tex.Civ.App., 128 S.W.2d 462; Phillips v. City of Abilene, supra.

Other authorities holding that such a notice is valid and a condition precedent to the right of such an action are City of Terrell v. Howard, 130 Tex. 459, 111 S. W.2d 692; Bates v. City of Houston, Tex. Civ.App., 189 S.W.2d 17; City of Dallas v. Shows, Tex.Com.App., 212 S.W. 633; City of Waco v. Landingham, 138 Tex. 156, 157 S.W.2d 631; City of Waco v. Watkins, Tex.Civ.App., 292 S.W. 583; City of Brownsville v. Galvan, 139 Tex. 128, 162 S.W.2d 98; Brewster v. Baker, Tex.Civ. App., 139 S.W.2d 643; Hallman v. City of Pampa, Tex.Civ.App., 147 S.W.2d 543.

As a basis for its summary judgment appellee pleaded tort immunity and the failure of appellant to give notice of his claim within 30 days as required by the city charter. If, as a matter of law, appellee is immune from liability under the facts presented here or if the required notice was not given, the questions of negligence, injury, damages and disability are immaterial. It is our opinion that the trial court was justified under the record presented in concluding that appellee established both its immunity and the failure of appellant to give notice as required by law and the city charter, for which reasons appellant's points of error are overruled and the judgment of the trial court is affirmed.