William O. BEAN, Appellant,
v.
CITY OF MONAHANS, Texas, a municipal
corporation, Appellee.
No. 5748.

Court of Civil Appeals of Texas.

El Paso.

May 4, 1966.

Rehearing Denied May 25, 1966.

Calvin W. Wesch, Richard C. Milstead, Kermit, for appellant.

L. Holt Magee, Monahans, for appellee.

OPINION

FRASER, Chief Justice.

The appellee in this case is the City of Monahans, Texas, a home rule city organized and existing under and by virtue of Article 1175, Vernon's Ann.Civ.St. The appellant in this case is William O. Bean, a former employee of the City of Monahans, Texas. Appellant brought suit against the City of Monahans to recover for an injury incurred by the appellant. Appellant maintains that he was driving a Dempster Dumpster (which is a garbage truck) and that he had just returned an empty can or receptacle to a grocery store after having emptied it. In replacing the empty can at the grocery store, the rear of his truck was hung up or lodged over a guard around a gas meter. In attempting to remove the rear of the truck from this obstacle, the appellant claims that he injured his knee when the tool he was using as a lever slipped or came loose while he was trying to free the truck from the obstruction. It is unfortunate that at the time of the accident the City of Monahans did not have a workmen's compensation insurance policy in force to cover the appellant. Appellant further alleges that the injury incurred as described above finally resulted in the amputation of his leg. The trial court granted summary judgment for the City of Monahans, defendant-appellee, and from such judgment appellant appeals.

In Point 1, appellant alleges that the trial court committed error in holding,

as a matter of law, that appellant, as an employee of appellee, was engaged in a governmental function as distinguished from a proprietary function, when the accident occurred resulting in the above described injuries to appellant. We believe that this point must be overruled.

Appellant does not contend that the collection of garbage is not a governmental function, but bases his appeal on the position that when the empty garbage can had been disposed of, his governmental function ceased and his trip back to wherever he was supposed to return the truck was solely of a proprietary nature. In as much as the accident happened at 9:30 A.M., and in the absence of any proof to the contrary, it does not seem likely that appellant had ceased his labors for the day. We do not have any statement of facts illustrating what his further plans for the day were or would have been had he not been injured. However, we do not believe that he was engaged in any proprietary activity for the appellee at the time he was injured. It has often been decided that the collection of garbage is normally a governmental function. Here, appellant argues that appellee had failed to furnish him with the necessary tools and equipment to move the truck in case it should get stuck and that, in any event, he had ceased engaging in any governmental activity, and having deposited the empty can or receptacle was then engaged in a proprietary type of work for appellee.

There are many cases that have passed on this matter as, for example, in the case of City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259, the court says: "A municipal corporation is not liable for the negligence of its agents and employees in the performance of purely governmental matters solely for the public benefit." Also, in Robinson v. City of Hereford, Tex.Civ. App., 324 S.W.2d 313 (wr. ref., n. r. e.) the court says:

"The controlling questions to be determined are whether or not appellee is im-

mune from damages because appellant was employed and working for appellee in the city sanitation department as a part of the city governmental function, helping to haul garbage and trash when his alleged injury occurred, and whether or not appellant failed to give 30 days written notice to appellee of his alleged injury and claims as required by the city charter."

It is worth noting, we think, that this, too, was a summary judgment case, and the court discusses this feature of the lawsuit in its opinion. The court in the cited case goes on to say:

"In the case of City of Ft. Worth v. George, Tex.Civ.App., 108 S.W.2d 929 (writ refused) the court held that the collection and disposition of garbage and refuse matter from the homes in the city constitutes a 'governmental function,' and that a city is not liable for injuries received as a result of the exercise of such a function. In the case of City of Wichita Falls v. Robison, 121 Tex. 133, 46 S.W.2d 965, 966, the court said in part:

'It is well settled by the decisions of this court, as well as by those in other jurisdictions, that sanitation for the public health of a city is a governmental function, and that, when a city is exercising such power, it is not liable for injuries inflicted through the negligence of its officers and employees.'

Other authorities holding that such a city sanitation service is a governmental funtion service for the rendering of which the city is not liable in case of injury are: City of Midland v. Hamlin, Tex.Civ.App., 239 S.W.2d 159, 25 A.L.R.2d 1048; Bowie v. City of Houston, Tex.Civ.App., 259 S.W.2d 765; City of Wichita Falls v. Kemp Hotel Operating Co., Tex.Civ.App., 162 S.W.2d 150, affirmed 141 Tex. 90, 170 S.W.2d 217; Ballard v. City of Ft. Worth, Tex.Civ.App., 62 S.W.2d 594."

We believe here that the nature and circumstances of the injury to appellant indi-

cate that he was performing a governmental act or function for the City; or, in other words, working for the City of Monahans in a governmental capacity at the time of his injury. We do not believe that his allegations that he was not provided with tools in case this particular circumstance should arise has any bearing on the case. Such a point is not independently made, nor do we find any authorities cited to that effect. It seems to us, rather, that it would be very difficult for the City to anticipate all possible difficulties that its driver might encounter during the period of his duties as a garbage or sanitation worker, and provide tools to be held in reserve on the truck for such exigency.

Also, we think it is clear that the appellant here was in the midst of his duties, and that to hold otherwise would be to hold, in effect, that his was an "off-again-on-again" type of work wherein as soon as he had deposited the empty receptacle, his governmental function ceased and he became a proprietary laborer. We think, on the contrary, it was as much his duty to bring the empty truck back, or to do whatever else was to be done with it according to his duties, as it was to pick up, haul and dump garbage and return the garbage receptacle to the place where it belonged. We do not see how any one function of this job, to-wit, picking up the containers, dumping them and returning them, and the moving the truck to some other location, could be singled out, separated and then designated as a proprietary act or function. Therefore, we think the trial court was correct in its holdings.

The appellant cites the cases of City of Houston v. Shilling, 150 Tex. 387, 240 S.W. 2d 1010, 26 A.L.R.2d 935, and City of Houston v. Wolverton, 154 Tex. 325, 277 S.W.2d 101 as holding that repair work on garbage trucks is not a governmental function. These cases have long been considered and cited, and it is a well-known fact that in the Shilling case the fault was laid to malpractice or negligence in a garage maintained by the City of Houston. It has been held that the maintenance of a garage for the repair of city equipment, such as garbage trucks, is a proprietary activity. We have no evidence here that such an activity had anything to do with appellant's injury. Also, in the Wolverton case it will be noted that the injured person there was driving his truck into Houston for the purpose of having it repaired at the city's garage. In each of these cases the injury was sustained by a third party, and the courts seemed to hold that such injuries were primarily caused by negligence of employees in the city-controlled and maintained garage. Also, in the case of City of Houston v. Allen, Tex.Civ.App., 380 S.W.2d 696 (wr. ref., n. r. e.), the court again points out that the City of Houston maintains its own garage and also dispatches employees to make necessary repairs on the various trucks. The case shows in its evidentiary features that the faulty brakes caused the collision; that such condition was reported to a city mechanic who is alleged to have made some repairs. However, the driver said that the accident happened because the brakes, although supposedly repaired by the city's own mechanic, failed, which was the cause of the collision. The plaintiff in this case was, of course, allowed to recover.

In conclusion, it seems clear that it has long been judicially decided that the disposal of garbage by a municipality is a governmental function and the municipality is, therefore, not liable for accidents resulting from the performance of this function—with the exception of the various City of Houston cases, where the courts have held that the accidents resulted, not from the performance of a governmental function, but because of negligence in the activities of the city-maintained garage employees, the courts holding that such garages and the activities of its employees constituted a proprietary function rather than governmental. Such is not the case here. There is no evidence in this record that the appellant was in any way repairing the truck, or that the truck required any re-

pair. He was only freeing it so he could, presumably, continue his work. Appellant's first point is therefore overruled.

While we have considered and studied the other points presented by the appellant, we do not believe it necessary to discuss them here, as our disposition of the first point carries with it the disposition of the other points, which contend that a genuine issue of fact existed as to whether or not appellant gave the necessary written notice of his claim to appellee, and also as to whether or not the appellee is estopped from asserting any defense based on plaintiff's alleged failure to file his claim of injury. Believing as we do that appellant has no rightful claim because the type of work he was doing was a governmental function, the remainder of appellant's points are overruled without further discussion.

All of appellant's points having been overruled, the decision of the trial court is accordingly affirmed.