**CITY OF HOUSTON, Appellant,**

v.

**Douglas F. EDMAN et ux., Appellees.**

**No. 16163.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 16, 1973.

William A. Olson, City, Atty., Willard E. Dollahon, Senior Asst., Houston, for appellant.

Funderburk & Bates, Robert D. Bates, Houston, for appellees.

EVANS, Justice.

In this automobile collision case appellant, City of Houston, asserts non-liability, contending that its vehicle was being used for a governmental, as distinguished from a proprietary function, at the time of its collision with appellee's vehicle. We do not agree and affirm the judgment of the trial court.

Stipulated facts show that the collision occurred as a result of the negligence of the City's employee, who ran a red light, and struck appellees' vehicle causing personal injury and property damage. In a non-jury trial the trial court rendered judgment for appellees in the amount of the stipulated damages. No findings or conclusions were made or requested.

The City's employee testified that at the time of the collision he was employed as a draftsman by the City's planning depart-

ment and that his duties entailed the drawing of subdivision plats, and checking of plats, sometimes out of the office, and that sometimes he was required to deliver prints to a court or to flood control or other related governmental agencies. He further testified that he was sometimes required to go out of the office to check building sites or proposed sites for major thoroughfares and that in the performance of such duties he utilized one of the three City automobiles which had been assigned to the City Planning Department and that no particular vehicle had been assigned to him. He further testified that the collision occurred about 4:30 p. m. in the afternoon, just before quitting time and that he had been instructed by one of his supervisors to go over to the City garage, which it maintained to take care of its vehicles, and to pick up the car and return it to the City Hall parking lot. He knew that the vehicle had been in the garage for repairs but did not know whether or to what extent the repairs had been made; however he said it drove all right so far as he knew.

We are of the opinion that this case is controlled by the holding of City of Houston v. Wolverton, 154 Tex. 325, 277 S.W. 2d 101 (1955). In that case the City's employee, a dairy inspector, had been instructed to bring an automobile assigned to him by the City to the City's garage in Houston for a checkup and he testified this was the primary purpose for his trip to Houston, although he also said that he was bringing in money and his permit books to be audited. The trial court held the City liable for damages resulting from a collision occurring during the trip and found that the purpose of the trip was to have the car inspected at the City's garage and repaired, if necessary, and that except for such purpose the trip would not have been made. Affirming the trial court's judgment, Justice Brewster speaking for the Texas Supreme Court, said at page 103:

"There are numerous decisions by the courts of Texas, as well as by those of other jurisdictions, which distinguish between the governmental and proprietary functions of a city. In City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259, 261, we held: 'The underlying test is whether the act performed by a city is public in its nature and performed as the agent of the State in furtherance of general law for the interest of the public at large, or whether it is performed primarily for the benefit of those within the corporate limits of the municipality.' That language seems plain enough, but the rub comes when it is sought to apply the test to a given state of facts.

"For example, petitioner contends that since Wood was taking his permit books and money he had collected to Houston, which must be regarded as a governmental function, along with his purpose to take the car to a Houston garage for inspection and possible repair, the latter purpose cannot destroy the fact that taking the car to Houston was in the interest of a governmental function of the city.

"In the first place, this contention ignores the trial judge's finding, on disputed evidence, that the trip to Houston would not have been made had Wood not gone in response to instructions from O'Brien to take the car to the garage operated by the city for inspection and repairs, if necessary."

The court further concluded in the Wolverton case that the principles announced in its prior decision of City of Houston v. Shilling, 150 Tex. 387, 240 S.W.2d 1010, 26 A.L.R.2d 935, were controlling, even though the negligence in the Shilling case was that of the City's garage employees in failing to correct and repair the brakes of its truck which resulted in the collision.

Appellant City of Houston relies upon Bean v. City of Monahans, 403 S.W. 2d 155 (Tex.Civ.App.—El Paso 1966, refused n.r.e.). In that case a former employee of the City of Monahans brought suit against the City to recover for an injury received

**466**

while driving a City garbage truck. He claimed that while returning an empty can to a grocery store, after having emptied it, the rear of the truck lodged upon a guard rail and in attempting to remove the truck from that obstacle, he was injured by a tool he was using as a lever. The former employee argued that the City had failed to furnish him with necessary tools and equipment to move the truck in case it got stuck and that in performing his labors to free the truck, he had ceased engaging in a governmental activity and was engaged in a proprietary function. The facts of the Bean case are clearly distinguishable from the facts in the Wolverton case and we do not regard it as being applicable to the case at bar.

■ We note further that there is no evidence in the record that the City Planning Department or its employees were performing governmental duties at the time of the collision. The burden was upon the City to establish not only that the Department was performing a government function but also that its employee was performing governmental duties at the time of the collision. City of San Antonio v. Ramundo, 411 S.W.2d 428 (Tex.Civ.App.— San Antonio 1966, 416 S.W. 2d 395); Hokley, Municipal Corporations, Vol. 1 "Municipal Planning," Sec. 93, pp. 241, 242.

■ The only testimony offered shows that the City's automobile was being returned from the garage to City Hall to make it available for whatever purpose the City Planning Department might need it. No other evidence was offered by the City to show that its employee was engaged in a purely governmental function at the time of the accident. While it may well have been necessary and desirable to the proper conduct of the City Planning Department's function to have the automobile returned to the City Hall parking garage, the operation of the vehicle to and from the City garage cannot be said to constitute the performance of a governmental function.

City of Houston v. Wolverton, Tex.Civ. App., 270 S.W. 2d 705, 707; 154 Tex. 325, 277 S.W. 2d 101. In City of Austin v. Schmedes, 154 Tex. 416, 279 S.W. 2d 326 (1955), our Supreme Court gave recognition to the tendency of our courts to restrict the doctrine of non-liability and to construe it strictly against the city. We see no material difference between taking an automobile to a city garage for inspection or repair, and returning it from the garage.

The judgment of the trial court is affirmed.