**Frank VENTERS, Appellant,**

v.

**The CITY OF ENNIS, Texas, a Municipal Corporation, Appellee.**

No. 3298.

Court of Civil Appeals of Texas.

Waco.

Oct. 27, 1955.

Wallace C. Franklin, Jr., Lamar Holley, Dallas, for appellant.

Geo. P. Hines, Ennis, for appellee.

HALE, Justice.

Appellant brought this action against appellee for damages on account of serious personal injuries alleged to have been negligently inflicted upon him while he was working as a helper on a garbage collection truck. Appellee, a Home Rule City, specially excepted to the sufficiency of the petition of appellant to state a cause of action against it because (1) the injuries complained of were sustained by appellant while the garbage truck inflicting such injuries was being used in the performance of a governmental function and (2) appellant failed to give written notice of his injuries to appellee as required by Sec. 6, Art. 2 of its charter. Subject to its special exceptions, appellee raised the same contentions by pleas in bar and, in addition thereto, it answered further with general and special denials and pleas of contributory negligence.

When the case came on to be heard with the aid of a jury, the trial court announced it would rule on appellee's special exceptions at the conclusion of the evidence. Upon the conclusion of the evidence adduced by appellant and after he had rested his case, appellee moved the court for a directed verdict and judgment in its behalf. Thereupon, the court announced it was of the opinion that both of appellee's special exceptions should be sustained and that appellee "was entitled to judgment as a matter of law, both on the pleadings and the facts adduced, and that such case should be taken away from the jury and judgment entered accordingly." In pursuance thereof, judgment was rendered that appellant take nothing against appellee and hence this appeal.

In support of his contention that the garbage collection truck was not being used in the performance of a governmental function at the time he sustained his injuries, appellant says his petition and the evidence adduced in support of the facts therein alleged show that appellee made a specific charge against each individual citizen for the service it rendered in the col-

lection of garbage and if such charge was not paid, then, in that event, the service being so rendered was discontinued. However, we do not think the mere fact that a service charge was made by appellee against its inhabitants for the collection of garbage changed the nature of the capacity in which it was acting while actually collecting and disposing of garbage. Both the pleadings of appellant and the evidence adduced by him show that immediately prior to the time he was injured, he had emptied a container of trash or garbage into the garbage truck with which he was working, and while the truck was being moved on to the next stop and while appellant was riding on the same, he sustained the injuries of which complaint is made. Hence, we are of the opinion that appellee, acting by and through its garbage truck crew, was engaged in the performance of a governmental as distinguished from a proprietary function at the time when appellant was injured, and that appellee is not liable for the damages resulting from such injuries. City of Wichita Falls v. Robison, 121 Tex. 133, 46 S.W.2d 965; City of Dallas v. Smith, 130 Tex. 225, 107 S.W. 2d 872; City of Ft. Worth v. George, Tex. Civ.App., 108 S.W.2d 929 (err. ref.); City of Houston v. Shilling, 150 Tex. 387, 240 S.W.2d 1010, 26 A.L.R.2d 935.

Appellee's charter provides that before the City of Ennis shall be liable for damages of any kind, the person injured, or someone in his behalf, shall give the Mayor or Board of Commissioners notice in writing of such injury within thirty days after the same has been received, stating specifically in such notice when, where and how the injury occurred and the extent thereof. Appellant admits that no written notice of his injury was given to the Mayor or Board of Commissioners of appellee until more than one year had elapsed after the injury had been received, but he says the pleadings and evidence show that appellee's Mayor and Superintendent of Sanitation had immediate, actual notice of his injury and that appellee lulled him into a feeling of security by keeping him on its payroll at full pay for six

months after the injury, and he contends that, by reason thereof, appellee is estopped from relying upon the notice provision in its charter. In support of his contention, appellant relies upon the holding in City of Houston v. Hruska, Tex.Civ.App., 272 S.W. 2d 778. The facts in the cited case are almost identical with the facts in the case at bar. Unfortunately for appellant, however, the Supreme Court granted a writ of error in the cited case and held directly against the contention of appellant herein. City of Houston v. Hruska, Tex., 283 S.W. 2d 739.

Finding no reversible error in the judgment appealed from, it is affirmed.