Charles **MESKA** and Emory Meska,
Appellants,

v.

**CITY OF DALLAS, Appellee.**

No. 17091.

Court of Civil Appeals of Texas.

Dallas.

May 24, 1968.

Rehearing Denied June 7, 1968.

Mike Aranson of Marks, Time & Aranson, Dallas, for appellants.

Pat Stacy, Asst. City Atty., Dallas, for appellee.

DIXON, Chief Justice.

Charles Meska, a minor, by and through next friend Emory Meska, and Emory Meska individually, sued the City of Dallas for damages in the amount of $100,000 for personal injuries allegedly caused by the negligence of one of the City's employees.

In their petition appellants allege that on April 8, 1966 Joseph L. Martinez was driving a City truck in an alley in the City and negligently caused the truck to collide with and run over Charles Meska, inflicting serious injuries to his person.

The City filed a motion for summary judgment which was sustained. Judgment was accordingly rendered that appellants take nothing by their suit.

Appellants' brief presents only one point of error: "The doctrine of municipal immunity from tort liability is unjust and should be overruled by this Honorable Court."

Three affidavits are attached to the City's motion. At the time of the accident Jose Martinez, an employee of the Sanitation Division, Public Works Department of the City, was operating a City of Dallas disposal truck—a garbage truck. He was engaged in collecting and removing garbage and refuse in an area within the City. This was in accordance with the duties of his employment. Martinez swore that the truck he was driving was in normal operating condition, and that he "experienced no brake failure, steering difficulties or any mechanical irregularities of said vehicle." The above allegations are not denied by appellants.

 It has long been the law of this state that municipalities are immune from tort liability for the alleged negligence of their employees when engaged in the performance of governmental duties. And the collection, removal and disposal of garbage has been held to be a governmental duty. City of Galveston v. Posnainsky, 62 Tex. 118 (1884); City of Fort Worth v. George, 108 S.W.2d 929 (Tex.Civ.App., Fort Worth 1937, writ ref'd). See also Steele v. City of El Paso, 417 S.W.2d 923 (Tex.Civ.App., El Paso 1967, writ ref'd n. r. e.); Bean v. City of Monahans, 403 S.W.2d 155 (Tex. Civ.App., El Paso 1966, writ ref'd n. r. e.); Robinson v. City of Hereford, 324 S.W.2d 313 (Tex.Civ.App., Amarillo 1959, writ ref'd n. r. e.); Venters v. City of Ennis, 283 S.W.2d 408 (Tex.Civ.App., Waco 1955, no writ); Bowie v. City of Houston, 259 S.W.2d 765 (Tex.Civ.App., Galveston 1953, writ ref'd n. r. e.).

 Appellants argue eloquently in favor of the abrogation of the rule of immunity. Appellee argues eloquently in favor of its retention. We believe it is not our function as an intermediate appellate court to undertake to change a rule so long established and approved by our Supreme Court.

Appellants' point of error is overruled.

The judgment of the trial court is affirmed.