**Earther MILLS et al., Appellants,**

v.

**CITY OF DALLAS et al., Appellees.**

**No. 5562.**

Court of Civil Appeals of Texas, Waco.

Aug. 12, 1976.

Rehearing Denied Aug. 26, 1976.

David K. Line, Robert W. Hartson, Inc., Dallas, for appellants.

T. Alex Eastus, Dallas, for City of Dallas.

W. F. Denman, Jr., Asst. Dist. Atty., Dallas, for County of Dallas, and Southwest Institute of Forensic Science.

HALL, Justice.

The plaintiffs are the surviving wife and children of Emmitt Mills. They brought this suit for damages against the City of Dallas, the County of Dallas, the Office of the Dallas County Medical Examiner, and the Southwest Institute of Forensic Sciences, alleging that all of the defendants negligently failed to timely notify them of the death of Emmitt Mills and that two of them intentionally caused or allowed his body to be used as a cadaver by medical students resulting in its mutilation. The trial court rendered summary judgment for the City on its plea that at all pertinent times it was engaged in a governmental function, and granted the other defendants' pleas in abatement under the doctrine of sovereign immunity. We affirm these rulings.

The plaintiffs pleaded that while Emmitt Mills was en route on the City's bus system to his place of employment with the City's water department, and while he was waiting at a bus stop in downtown Dallas to change busses, he collapsed and died; that the City's policemen delivered his body to Parkland Hospital in Dallas; that when Mr. Mills failed to return home his family began looking for him and notified the Dallas Police Department he was missing; that the plaintiffs learned four days later he was dead; that during this time the body of Mr. Mills was delivered to the Dallas County Medical Examiner and then to the Southwest Institute of Forensic Sciences, at Dallas, where it was cut open and mutilated by medical students or other personnel without

the plaintiffs' consent or authority; and that the defendants failed to notify any of the deceased's relatives of Mr. Mills' death, although at all pertinent times they "had the means to do so." Additionally, the plaintiffs pleaded that the failure of the defendants to notify the plaintiffs of the death constituted ordinary and gross negligence which proximately resulted in the mutilation and the plaintiffs' damages; and that the Office of the Dallas County Medical Examiner and the Southwest Institute of Forensic Sciences intentionally withheld the body from the plaintiffs and intentionally caused or allowed the corpse to be mutilated, causing the plaintiffs' damages. They prayed for actual and exemplary damages totaling $2,205,200.00.

In the absence of statutory or constitutional exceptions, a county and its governmental units are not liable for damages caused by the tortious acts of their agents and employees. 15 Tex.Jur.2d 330, Counties, § 106. Likewise, in the absence of statutory or constitutional exceptions, a city is not liable for damages caused by the negligence of its employees in the performance of governmental functions, which include the exercise of the city's police power. *Meska v. City of Dallas*, 429 S.W.2d 223, 224 (Tex.Civ.App.—Dallas, 1968, writ ref.); 40 Tex.Jur.2d 311, Municipal Corporations, § 624. The plaintiffs recognize these rules. However, they contend that the deceased was a passenger on the City's bus line (a proprietary function) and an employee of the City's water department (a proprietary function) at the time of his death; that because of these two relationships the City violated a legal duty growing out of these proprietary functions when its employees, the policemen who found the deceased, failed to notify the plaintiffs of the death; and that the wrongful conduct of the other defendants was so intertwined with the City's breach of duty an indivisible injury was inflicted by all of the defendants for which they should be held jointly responsible.

Generally, once a person has safely alighted from a public conveyance he is no longer a passenger and the transit company's duty to him ceases. *Wittkower v. Dallas Ry. & Terminal Co.*, 73 S.W.2d 867, 869 (Tex.Civ.App.—El Paso 1934, writ ref'd). This rule is applicable here in favor of the City. And the mere fact that Mr. Mills was en route to his place of employment with the City did not impose any duty on the City to him or the plaintiffs. 38 Tex.Jur.2d 327, Master and Servant, § 131.

The only duty of notice by the police officers was to report the death of Mr. Mills to the County's medical examiner. § 7, Art. 49.25, Vernon's Tex.C.C.P. The plaintiffs' pleadings show this was done.

The judgment is affirmed.