**Waltroud H. STEELE et al., Appellants,**

v.

**CITY OF HOUSTON, Appellee.**

**No. 1942.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 7, 1979.
Rehearing Denied Feb. 28, 1979.

Michael A. Lamson, Prappas & Lamson, Houston, for appellants.

Robert M. Collie, Jr., City Atty., Frank L. Mauro, Asst. City Atty., Houston, for appellee.

COULSON, Justice.

This is an appeal by plaintiffs from a summary judgment granted in favor of the defendant City in a suit for damages for the destruction of the plaintiffs' property by the Police and Fire Department employees of the City. We affirm.

In October of 1975 plaintiff Steele was the owner and plaintiffs Mozingo and Ingram were residents of a house in Houston, Texas. On October 10, 1975, a group of prisoners which had escaped from the custody of some governmental entity was discovered to be hiding in plaintiffs' residence. At that time plaintiff Steele was living in Longview, Texas. Plaintiff Mozingo was confined to the hospital for emergency surgery and her husband, plaintiff Ingram, was detained due to the emergency medical situation of his wife. While all plaintiffs were away from the house the police made efforts to recapture the prisoners from plaintiffs' property. During this action by the police the plaintiffs' residence and its contents were burned and rendered a complete loss. After filing proper claim with the City for compensation, which claim was denied, plaintiffs filed this suit seeking to recover their damages from the City of Houston. The defendant City made a motion for summary judgment which was granted by the trial court after a hearing. Plaintiffs appeal from that judgment.

Plaintiffs' first point of error complains that the trial court erred in granting summary judgment for the defendant City based on municipal immunity because plaintiffs had raised a question of whether the facts showed the creation of a nuisance. Plaintiffs urge that a common law exception to the doctrine of governmental immunity from liability for torts arises when the government creates or maintains a nuisance. This doctrine encompasses the idea that a government has no more right to create or maintain a nuisance than does a private person. *See generally Gotcher v. City of Farmersville*, 137 Tex. 12, 151 S.W.2d 565 (1941); *Stein v. Highland Park Independent School District*, 540 S.W.2d 551 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). Plaintiffs' petition alleges that the intentional use of incendiary material by the police to set fire to the house constituted the creation of a nuisance.

The trial court's judgment states that "Defendant, CITY OF HOUSTON, did not create nor maintain a nuisance to Plaintiffs' damage" and that municipal immunity applies. The judgment also recites:

> After a full hearing of said Motion, the arguments of all counsel thereon, and the Court's examination of the pleadings, all interrogatories and answers thereto in the Court's file, all depositions both oral and by written questions in the Court's file, any and all Requests for Admissions and responses thereto in the Court's file and the Court being of the opinion that there was an absence of a genuine issue of material fact. . . .

No interrogatories, depositions, or requests for admissions have been brought forward as a part of the record before this court. The appellants here have the burden of bringing the necessary parts of the record to the appellate court. On the record before us we are unable to hold that the trial court's determination that the City did not create or maintain a nuisance was erroneous. It is presumed that the omitted depositions, interrogatories, and requests for admissions established the correctness of the judgment. *Hassell v. New England Mutual Life Insurance Co.*, 506 S.W.2d 727 (Tex. Civ.App.—Waco 1974, writ ref'd). Plaintiffs' first point of error is overruled.

Plaintiffs' second point of error contends that the trial court erred in finding

that the Texas Tort Claims Act, Tex.Rev. Civ.Stat.Ann. art. 6252–19 (Supp.1978), did not apply to waive the immunity of the City from suit in this case. The general rule is that in the absence of statutory or constitutional exceptions a City is not liable for damages caused by the negligence of its employees in the performance of governmental functions, which include the exercise of the City's police power. *Mills v. City of Dallas,* 539 S.W.2d 402, 404 (Tex.Civ.App.— Dallas 1976, no writ); *Meska v. City of Dallas,* 429 S.W.2d 223, 224 (Tex.Civ.App.— Dallas 1968, writ ref'd). Plaintiffs, defendant, and the trial court all apparently operated on the assumption that the Tort Claims Act would defeat the City's immunity from suit unless one of the exemptions in section 14 of that act applied. The Tort Claims Act is constructed in such a way that it first decrees, in section 3, that units of government "shall be liable" for damages from actions of their employees or officers in certain instances. Section 14 of the act is titled "Exemptions" and provides that the provision of the act shall not apply in certain instances.

The judgment states that section 14(10) of the Tort Claims Act applies to preserve municipal immunity in this case. Section 14(10) provides that the act shall not apply and thus immunity shall not be defeated for any claim arising out of an intentional tort. Plaintiff here had alleged that the police officers discharged incendiary material into the residence for the purpose of causing it to catch fire. Therefore the trial court's determination that section 14(10) of the act would preserve immunity for the City is correct if the act itself applies to the actions in question.

 We are of the opinion however that the Tort Claims Act does not apply to this case and that therefore the City's immunity from suit exists independently of any exemption provided in the act. Section 3 of the Tort Claims Act provides:

Liability of governmental units

Sec. 3. Each unit of government in the state shall be liable for money damages for *property damage or personal injuries or death* when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office *arising from the operation or use of a motor-driven vehicle and motor-driven equipment,* other than motor-driven equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, *or death or personal injuries so caused from some condition or some use of tangible property,* real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. Such liability is subject to the exceptions contained herein, and it shall not extend to punitive or exemplary damages. Liability hereunder shall be limited to $100,000 per person and $300,000 for any single occurrence for bodily injury or death and to $10,000 for any single occurrence for injury to or destruction of property. (emphasis added)

Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 3 (Supp.1978).

We interpret this section to mean that damages to property are recoverable only when they result from the operation and use of motor-driven vehicles or motor-driven equipment. If the claim arises from the use of other tangible property only damages for death or personal injury are recoverable.

Plaintiffs here alleged that their residence was damaged as the result of the discharge of incendiary devices into the premises. We do not believe that this is sufficient to allege that motor-driven equipment or motor-driven vehicles were used and thus bring their claim within that provision of the act allowing recovery for damages to property. Plaintiffs do not claim any damages for personal injury or death and therefore cannot recover under that

portion of section 3 relating to damages resulting from the use of tangible property. Thus, under the record before us, the Tort Claims Act does not operate to give plaintiffs a cause of action against the defendant City based on the facts alleged in Plaintiffs' first amended petition. The City's governmental immunity is intact in this instance. Appellants' second point of error is overruled.

We are compelled by the laws of this state to affirm the action of the trial court in granting summary judgment for the defendant City of Houston. The Legislature has not seen fit to provide that the community shall bear the cost when the property of innocent individuals is destroyed as a result of actions taken by law enforcement officials in the performance of their duty to protect the safety of the community as a whole. The trial court's judgment is affirmed.

Affirmed.